JUDGE ROBERTSON
delivered the opinion op the court.
Jabez V. Risk, died holding bond for a legal title to land in tbe County of Scott, Ky., where he resided, and being unable to pay all his debts bis creditors, several years before his death, obtained a decretal sale of it for partial satisfaction of their claims, and full satisfaction of his vendor’s lien, for *140 an unpaid portion of the consideration. A legal title having been conveyed to the purchaser under the decree, he sold and conveyed to the appellant.
After the death of the said Jabez the appellee, as his widow, brought this suit for dower, and there being a surplus of the proceeds of the decretal sale after satisfying the lien, and after distribution of that surplus among the attaching creditors, the circuit court adjudged her entitled to compensation to the extent of one third of that surplus, and decreed to her relief pro tanto against the appellant.
Unless it can be sustained by a proper construction of sections 6 and 13 of chapter 47, article 4, Stanton’s Digest, that judgment must be reversed. These sections read as follows:
“Section 6. The wife shall not be endowed of land sold but not conveyed by the husband before marriage, nor of land sold bona fide after marriage to satisfy a lien or incumbrance created before marriage, or created by deed in which she joined, or to satisfy a lien for the purchase-money. But if there is a surplus of the land or proceeds of sale after satisfying the lien, she shall have dower or compensation out of said surplus, unless the surplus proceeds were received or disposed of by the husband in his life-time.
“Section 13. If the husband held land by executory contract, the wife shall not be endowed of the land unless he owned such equitable right at his death.”
These sections may be harmonized so as to entitle the appellee to compensation if the disposition made of the surplus should not be in her way; for the 13th section disallowing dower in the land, as the husband did not own the equity at his death, does not conflict with so much of the 6th section as may allow her proportional compensation out of the proceeds of the judicial sale of the land, according to the provisions of the 6th section.
*141 Under the 6th section, there being no surplus of land, the appellee’s utmost right is her allotted share of the surplus proceeds after paying off the vendor’s lien. Her contest for that is with the creditors among whom it was distributed; and in that judicial appropriation, in invitum, the husband’s bankruptcy, which led to it, can not be such receipt or disposition by him as contemplated by the spirit and aim of the statute.
But the 6th section allows her only a portion of that fund, and her title can not be extended to the land purchased by the appellant’s vendor from the court, and conveyed to him by the court without the incumbrance of any lien in her favor. Her claim ought therefore to have been asserted against the distributees of that fund, and had it been asserted before distribution the circuit court may not have given the whole to the creditors. Whether she still has available right as against those distributees we can not in this case judicially determine.
All we can say now is that she has no right to a judgment for land or money against the appellant.
Wherefore the judgment is reversed, and the cause remanded for a dismission of her petition against the appellant.