Melone, &c., v. Armstrong.

CASE 46—EQUITY—FEBRUARY 15, 1881.

# Melone, &c., v. Armstrong.

APPEAL FROM SHELBY CIRCUIT COURT.

Where a husband finds it necessary to sell, and does sell land to pay purchase-money due thereon, although he sells more than will pay the lien upon it, if he sells in good faith his widow is not entitled to dower in any part of the land.

CALDWELL & HARWOOD FOR APPELLANT.

The husband was compelled to sell, and sold the land to pay purchase-money due thereon. Having sold in good faith for that purpose, the widow is not entitled to dower, although more land was sold than would pay the purchase-money. The deed passed appellee's dower. (13 B. M., 535; 1 M. & B. Stat., 448; 3 Bush, 360; 2 Rev. Stat., chap. 24, secs. 22, 23; Ib., 1 vol., art. 4, sec. 6, chap. 47, p. 26.)

M. T. CARPENTER FOR APPELLEE.

1. Appellee is clearly entitled to her dower. (Rev. Stat., chap. 24, secs. 22, 23, 24.) '

2. Appellee's title did not pass by the certificate. (Hilliard on Real Prop., vol. 2, 499; 11 Bush, 596; 13 B. Mon., 534; 13 Bush, 65; 14 Ib., 79; Bigelow on Estoppel, 485; 3 Bush, 702; 3 J. J. Mar., 300; 5 Ib., 243; 8 B. Mon., 229; Teal v. Ford, 7 Bush, 156; 7 Bush, 222.)

J. C. COOPER FOR APPELLEE.

The deed as to appellee is void. The certificate does not conform to the statute. (Barnett v. Shackleford, 6 J. J. M., 533; Prebble v. Hall, 13 Bush, 65; Thomas v. Thomas, 16 B. Mon., 425; 5 J. J. M., 121; Ib., 135; 6 Dana, 390; 6 J. J. Mar., 533.)

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

Samuel Armstrong owned a farm containing 297 acres. He owed a balance of purchase money amounting to the sum of about $4,000, secured by a lien on the land, which he had no means of paying, except by a sale of a part or all of the land. Being thus situated, he sold the whole tract to Malone & Bonney for $5,945, the purchasers agreeing to take up the unpaid purchase-money notes. The residue of the price was paid to Armstrong, or applied by his consent to the payment of his debts, except the sum of about

$1,200, which was attached by one of his creditors, and applied under a judgment of the court to satisfy the debt.

Armstrong having died, his widow brought this suit, claiming dower in the land.

The court below adjudged that she was entitled to dower in a part of the land bearing the same proportion to the whole that the balance of purchase-money due from Armstrong bore to the price for which the land was sold.

This appeal is prosecuted to reverse that judgment.

Section 6 of article 4 of chapter 47 of the Revised Statutes, in force when the sale was made, reads as follows:

"The wife shall not be endowed of land sold but not conveyed by the husband before the marriage; nor of land sold *bona fide* after marriage to satisfy a lien or encumbrance created before marriage, or created by deed in which she joined, or to satisfy a lien for purchase-money. But if there is a surplus of the land or proceeds of sale after satisfying the lien, she shall have dower or compensation out of such surplus, unless the surplus proceeds of sale were received or disposed of by the husband in his life-time."

This statute evidently contemplated that a sale might be made by the husband, and that he might sell the whole or only so much as would satisfy the lien, but whether sold by the husband or under the judgment of a court, if the whole be sold *bona fide* because there is a lien for purchase-money, and with a view to satisfy it in the manner deemed by the husband to be most beneficial to him, and with no design to deprive the wife of her potential right of dower, she will not be entitled to dower, although less than the whole would have satisfied the lien.

That the statute contemplated that a sale might be made of more land than was necessary to satisfy the lien is shown

by the fact that it provides that the wife shall be compen-- sated for dower out of the surplus proceeds of the sale, in. case the husband dies without receiving or disposing of such' surplus.

The evidence in this case shows that the sale was made in · good faith to satisfy a lien for purchase-money which the· husband had no other means of discharging, and which amounted to two thirds of the value of the whole tract, and was past. due when he sold the land. Under these circumstances, it was for the husband to decide whether he· would sell the whole or only so much as would pay the balance of the purchase money, and having sold the whole, his. widow has no right to dower in any part of it.

To decide otherwise would be to render the statute inop-- erative, so far as it authorizes a sale free of dower of more' land than is necessary to satisfy the lien.

This conclusion renders it unnecessary to consider other· questions made in the argument.

Wherefore, the judgment is reversed, and the cause re- manded with directions to dismiss the petition.