## M. S. LANE, ET AL. v. WM. JUDY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—513.]

**Dower of Wife.**

Where the husband holds land by executory contract and disposes of it the wife is not entitled to dower; but where her husband receives conveyance of real estate by commissioner's deed and the sale is confirmed, the land being in two counties and the deed only recorded in one, she is entitled to dower in all of such land; and the transfer of such land by operation of law, or by reason of the husband's bankruptcy will not deprive the wife of dower.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

December 4, 1883.

OPINION BY JUDGE PRYOR:

In the year 1865 Silas Lane became the purchaser at a decretal sale of the Bath Circuit Court of two tracts of land containing about seventy acres. He executed his bonds for the purchase-money, and the commissioner under an order of court collected the money for distribution. He was ordered to make a conveyance to the purchaser, which was done and the conveyance affirmed by the court, as the order of that court shows. This conveyance was never recorded. Some of this land was in the county of Bath, but the most of it in the county of Montgomery. Lane took possession of the land under his purchase, and having been forced into bankruptcy some years after his purchase the land passed to his assignee for creditors and was sold and conveyance made to these appellees or their vendors. The assignee in bankruptcy finding that the deed had not been recorded obtained a conveyance to himself as assignee from those in whom the legal title had been vested until the conveyance to Lane, and that conveyance was recorded.- Lane died shortly after his bankruptcy and his widow claimed dower in the land, and her right was denied by the court below, of which she complains.

The court below seems to have proceeded on the idea that the deed to Lane never having been recorded, he had only an equity and this passed by operation of law to the assignee during the life of Lane, and his widow is not therefore entitled to dower. It is not claimed that Lane, after his purchase, sold this land to either of these appellees, and the assignee representing the title of Lane and holding for creditors under a conveyance to him as assignee sold this land. If notice was required in such a case the conveyance to the assignee was sufficient to put the purchaser on inquiry, and the deeds made to purchasers under which they claim by the conveyance recites that there is no warranty against the claim of dower. Although that recital may be regarded as merely formal, yet these appellees must under the circumstances be adjudged to have had notice of this potential claim. The deed made by the commissioner passed the legal title to Lane and these parties are claiming directly from him.

The cases relied on by counsel for the appellees on the subject of

notice arise in controversies between prior and subsequent pur-
chasers from the same grantor and do not apply to a case like this.
Here the purchaser from Lane in effect is claiming that the deed
made by the commissioner did not pass the legal title. Where the
husband holds land by executory contract and disposes of it, the wife
is not entitled to dower; and where his right is purely equitable, if he
dies the equitable owner, the wife is entitled. Nor is the transfer
by operation of law, or by reason of the bankruptcy of the husband,
to the assignee in bankruptcy, such a disposition of the equitable
title as to deprive the wife of dower. *Tisdale v. Risk,* 7 Bush
(Ky.) 139.

The judgment below is therefore *reversed* with directions to as-
sign to the widow her dower.

*Tyler & Hazelrigg, for appellants.*
*Holt & Reid, for appellees.*