CASE 37—PETITION EQUITY—OCTOBER 29.

## Ratcliffe v. Mason.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. DOWER—PARTNERSHIP LANDS.—Whenever land is purchased by a firm for partnership purposes, appropriated for those purposes and paid for with partnership funds, it is to be treated in equity as partnership property, and, therefore, made subject to partnership debts in preference to the dower right of the wife of any member of the firm. And it is not material in what name the title of such land may stand, if it is in fact partnership property. But where the title is conveyed to the husband the land should never be treated as partnership property to the exclusion of the widow's dower right, unless all the relations and conditions upon which the equitable doctrine may be enforced are clearly shown to exist.

. Ratcliffe v. Mason.

2. Same.—A partnership in the farming business and personal property used in carrying it on is entirely consistent with a joint ownership of the land; and, consequently, when the land is purchased, agreed to be paid for and conveyed to the owners individually, it should be regarded as their individual property in the absence of satisfactory evidence it was intended to be partnership property.

3. Same.—When the title is once vested in the husband the dower right of the wife can not in any case be defeated by subsequent appropriation of the land for partnership purposes by a firm not in existence when it was purchased.

In this case a deed investing plaintiff's husband with the title to an undivided moiety of the land in which plaintiff claims dower, vested her with the right to dower, and the fact that the land was used by the husband and the other co-owner in carrying on the partnership business of farming is not sufficient to deprive the plaintiff of that right or to show that the land was purchased as partnership property, especially as it does not clearly appear that the partnership existed when the land was purchased and conveyed.

4. Where the Land of the Husband is Sold in Good Faith to Satisfy a Lien for Purchase Money the wife is not entitled to dower in the land, although it may have been sold for more than the amount of the lien. And this is true whether the sale was made directly by the husband or under a judgment of court.

5. Where the Sale is Necessary to Satisfy the Lien for Purchase Money, whether it be made in pursuance of a deed of assignment or directly by the husband, it must, in the meaning of the statute, be regarded as made in good faith, as that which a person is legally bound to do can not be said to have been done in bad faith.

W. P. D. BUSH for appellant.

1. No partnership existed between C. T. & G. W. Ratcliffe at the time of the purchase of the land in controversy, and the subsequent appropriation of the land to partnership purposes did not deprive appellant of her right to dower. (Bowler, &c., v. Blair, 6 Ky. Law Rep., 665; Holmes v. Self, &c., 2 Ky. Law Rep., 380; McClure v. Harris, 12 B. M., 261; Tevis v. Stelle, 4 T. B. Mon., 339; Willett v. Beatty, 12 B. Mon., 172; Casky v. Casky, &c., 5 Ky. Law Rep., 769; Scribner on Dower, pp. 538 and 576.)

2. The defense that appellant is not entitled to dower because the land was sold to satisfy a lien for purchase money, is not available, because it was not made by the pleadings of appellee.

3. The land was not sold in good faith to satisfy a lien for purchase money within the meaning of the statute. Only one-fifth of the debts for which the land was sold constituted a lien for purchase money, the other four-fifths being secured by mortgages, in which the wife had not joined. (Rev. Stats., chap. 47, art. 4, secs. 2, 6 and 13; Gen.

Stats., chap. 52, art. 4, secs. 2, 5 and 12; Tisdale v. Risk, 7 Bush, 139; Melone, &c., v. Armstrong, 79 Ky., 248   Lee v. James, 81 Ky., 443.)

JOHN W. McPHERSON on same side.

The mere purchase of lands with partnership money and their use for the purpose of carrying on the partnership business of farming, furnishes no sufficient evidence of an intention on the part of the partners to convert the land into personalty. (Lowe v. Lowe, 13 Bush, 694; Leading Cases in Equity, vol. 1, 332.)

Upon the general subject as to what is real and what is personal estate for partnership purposes, see Galbreath v. Gedge, 16 B. M.; Buck v. Wynn, 11 B. M., 322; Cornwall v. Cornwall, 6 Bush; Bank of Louisville v. Hall & Long, 8 Bush, 678; Mayberry v. Brien, 15 Pet., 21.

E. P. CAMPBELL, PETREE & DOWNER, H. G. PETRIE for appellee.

1. Real estate, although conveyed to the individual members of a firm, if intended for partnership purposes, and paid for with partnership means, and in fact used as partnership property, must be held to be partnership assets, and held in trust for the benefit of partnership creditors to the exclusion of dower. (Bates on Partnership, vol. 1, secs. 281, 282 and 285; Am. and Eng. Encyclopedia of Law, vol. 5, p. 897; Boff v. Fox, 68 Ill.; Divine, &c., v. Mitchum, 4 B. M., 488; Spaulding, &c., v. Wilson & Muir, 80 Ky., 591; Lowe v. Lowe, &c., 13 Bush, 690.)

2. As the land in controversy was sold in good faith to satisfy a lien for purchase money the appellant is barred of dower. (Gen. Stats., chap. 52, art. 4, sec. 5; Tisdale v. Risk, 7 Bush, 140; Melone, &c., v. Armstrong, 79 Ky., 248; Lee, &c., v. James, 81 Ky., 443.)

JUDGE LEWIS delivered the opinion of the court.

By deed executed December 24, and acknowledged for record December 26, 1856, J. D. Wallace conveyed to C. T. Ratcliffe and G. W. Ratcliffe, brothers, six hundred and eighty-one acres of land, in consideration of which $8,000 was to be paid January 1, 1857, and the residue of purchase money in equal installments, for which they executed notes.

The two purchasers conducted farming business on the land as partners under the firm name of Ratcliffe & Bro.,

from January, 1857, to 1867, when G. W. Ratcliffe died, leaving by will all his estate of every kind to C. T. Rat- cliffe, who in 1868 made a deed of trust for the benefit of his creditors of that land and other property.

In 1869, pursuant of a judgment rendered in consoli- dated actions instituted by the trustee named in the deed of trust, and by Edmunds & Stege, each of whom had a mortgage on the land executed by Ratcliffe & Bro., it was sold and by Commissioner's deed conveyed to W. B. Mason, the purchaser, under whom appellee, M. A. Mason, acquired and has title.

In 1887 appellant, widow of C. T. Ratcliffe, then recently deceased, brought this action praying for allot- ment of her dower in the land and recovery of rents.

By section 2, article 4, chapter 52, General Statutes, it is, as was substantially by the Revised Statutes, provided as follows : " After the death of the husband the wife shall be endowed for her life of one-third of the real estate of which he, or any one for his use, was seized of an estate in fee-simple at any time during coverture, unless her right to such dower shall have been barred, forfeited or relinquished."

But it is contended, notwithstanding that provision, appellant is not entitled to dower in any part of the land in question, denial of her right being placed upon two grounds :

1. That the entire proceeds of sale of the land in 1869 were exhausted in paying partnership debts of the firm of Ratcliffe & Bro., including a balance of the original purchase money.

Even under the section quoted the wife's dower right is always subject to the same encumbrances and equities

that the husband's estate, of which it is a part, may be subjected to, at the time of their marriage, or when the property is acquired by him if subsequent to that event. And whenever land is purchased by a firm for partnership purposes, appropriated for these purposes and paid for with partnership funds, it is according to settled doctrine to be treated in equity as partnership property, and, therefore, made subject to partnership debts, in preference to the dower right of the wife of either member of the firm. And it does not seem to be held material in what manner, by what agency, nor in what name the title of such land may stand, if it be in fact partnership property. (Bank of Louisville v. Hall, 8 Bush, 474; Spalding v. Wilson, 80 Ky., 589.) For the theory upon which the equitable doctrine of treating real estate as partnership property, though the legal title may be in individual members and not in the firm, is, that it is so held in trust for the partnership.

But real estate, the title of which has been conveyed to the husband, should never be treated as partnership property to the exclusion of the widow's dower right, unless all the relations and conditions upon which the equitable doctrine may be enforced are clearly and fully shown to exist.

The attitude in which C. T. & G. W. Ratcliffe were placed by the deed of December 24, 1856, was that of co-owners of the land, not partners, and besides, the purchase money was agreed to be paid and notes therefor executed by them individually, not by the firm of Ratcliffe & Bro. It thus being the case of execution and delivery of a deed, the legal effect of which was to invest the husband of appellant with the absolute title to an

undivided moiety of the land, without, so far as this record shows, any existing encumbrance or equity except the vendors' lien, we do not see why her statutory right to dower was not thereby and then determinately vested.

It is true there is evidence showing the firm of Ratcliffe & Bro., subsequent to delivery of the deed, paid some of the purchase money, and that the notes and mortgages on the land were executed to Edmunds & Stege for borrowed money applied to some extent that way. But it does not appear the firm was a party to the purchase, or primarily bound to pay any part of the consideration; in fact the evidence does not clearly show the partnership between the vendors even existed when the land was purchased and conveyed, but, though indefinite and meagre on the subject, tends to show the contrary. Moreover it does not necessarily follow where two or more tenants in common or joint tenants of a farm work their common property together as partners, contributing to the expense and sharing all profits and losses equally, that the land is in fact or was intended to be partnership property. (Lindley on Partnership, volume 1, 651.) On the contrary a partnership in the farming business and personal property used in carrying it on is entirely consistent with a joint ownership of the land, and consequently, when it is purchased, agreed to be paid for and title conveyed to them individually, it should be regarded as so acquired and held in the absence of satisfactory evidence it was intended to be partnership property. But when the title is once vested in the husband, the dower right of the wife can not in any case be defeated by subsequent appropriation of the land for partnership purposes by a firm not in existence when it was acquired.

We are, therefore, of opinion appellant should not be denied her right on the first ground.

2. The second ground involves construction of section 6, article 4, chapter 47, Revised Statutes, now part of the General Statutes, as follows: " The wife shall not be endowed of land sold but not conveyed by the husband upon marriage; nor of land sold *bona fide* after marriage to satisfy a lien or encumbrance created before marriage, or created by deed in which she joined, or to satisfy a lien for the purchase money. But if there is a surplus of the land, or proceeds of sale after satisfying the lien, she shall have dower or compensation out of such surplus, unless the surplus proceeds of sale were received or disposed of by the husband in his lifetime."

At the time the deed of trust was executed there was still a large balance of purchase money unpaid, and a sale of the land under the judgment mentioned was necessary to satisfy that debt, as would have been the case if the husband of appellant had not made the deed. So whether in such case a sale be made in pursuance of a deed of assignment, or directly by the husband, it must, in meaning of the statute, be regarded as made in good faith; for that which a person is legally bound to do, as appears to have been the position of appellant's husband, can not be said to have been done in bad faith. Nor does it prejudice a purchase of land under such circumstances, that the husband sells the land for more than the amount of the lien. (Melone v. Armstrong, 79 Ky., 248.) It seems to be also settled that in case of a judicial sale, the wife can not look to the purchaser, when the land has sold for more than necessary to satisfy the lien, her only claim being against distributees who have received the surplus.

(Tisdale v. Risk, 7 Bush, 139 ; Cantrill v. Risk, 7 Bush, 158.)

According to the plain reading of the section quoted, as well as construction heretofore given by this court, appellant is without remedy against the present owner of the land, for it is in express terms provided that in such case as this the wife must look for her dower or compensation to the surplus proceeds of sale left after satisfying the lien.

Judgment affirmed.