CASE 80—PETITION ORDINARY—JUNE 8.

# Schweitzer v. Wagner.

APPEAL FROM CAMPBELL CHANCERY COURT.

THE WIFE IS NOT ENTITLED TO DOWER in land of the husband sold to satisfy a lien created by mortgage in which she joined, a mortgage being a "deed" within the meaning of section 5, article 4, chapter 52 of the General Statutes.

L. J. CRAWFORD FOR APPELLANT.

1. The appellant is not estopped by mere silence from asserting her claim. (Ballard's Real Estate Statutes, section 802; Story's Equity, vol. 2, section 1533; Martin v. Wurts, 1 Ky. Law Rep., 406; Connolly v. Branstler, 3 Bush; Wright v. Arnold, 14 B. M.; Arnold v. Stephens, 13 Ky. Law Rep., 623; Riggs v. Stephens, 13 Ky. Law Rep., 634; 26 Ala., 547; 11 Ohio St., 42; 47 Ohio St., 366.)

Schweitzer v. Wagner.

2. Appellee is not entitled to be subrogated to the rights of the mortgagees. (Taylor v. Farmers' Bank, 10 Ky. Law Rep., 370; Sheldon on Subrogation, sections 11, 49, 50; Carter v. Goodin, 3 Ohio St., 75.)

CRAWFORD & IRWIN AND GABRIEL HUBBELL OF COUNSEL ON SAME SIDE.

WM. LINDSAY FOR APPELLEE.

1. Appellee by his purchase was subrogated to the rights of the mortgagees.

2. As appellant was present at the sale and did not then assert her claim, she is now estopped to do so. (Wright v Arnold, 14 B. M., 517; Davis v. Tingle, 8 B. M., 543; 1 Story's Eq., 377; Connolly v. Branstler, 3 Bush, 702.)

JOHN S DUCKER ON SAME SIDE.

1. Section 5 of article 4, chapter 52, Gen. Stats., applies, and precludes appellant from recovering dower. (Melone v. Armstrong, 79 Ky., 248.)

2. Appellant is estopped by her silence. (Bigelow on Estoppel, 2 ed., secs. 444, 446; Brothers v. Porter, et al., 6 B. M., 113; Ringo v. Warder, Idem, 519; Wright v. Arnold, 14 B. M., 645; Markham v. O'Connor, 21 Am. Rep., 249; Davis v. Tingle, 8 B. M., 542; Connolly v. Branstler, 3 Bush, 702.)

3. Appellee is entitled to be subrogated to the rights of the mortgagees whose debts he paid. (Harris on Subrogation, sections 37, 38, 701; Jones on Mortgages, section 1395.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant and her husband, at some time prior to 1876, conveyed, by way of mortgage, the real estate in which she now claims dower. In the year named, by proceedings in bankruptcy, the property was sold to satisfy the mortgage liens. It appears that there were, in fact, several mortgages, in all of which the wife joined, and expressly relinquished her inchoate right of dower. The property was sold for the amount of the mortgage debts, which was its full value as disclosed by the proof. The assignee in bankruptcy

sold it as clear, free and unincumbered, and this was done, as the proof conduces to show, in the presence of the appellant, then the wife of the bankrupt, and without objection on her part or assertion of any claim. The husband died in 1879, and in 1886 his widow, now the appellant, instituted this action for dower in the property against the appellee, who was the purchaser at the assignee's sale in 1876. The chancellor dismissed her petition, and by her appeal the question is presented, whether she is entitled to dower.

Section 5, article 4, chapter 52 of the General Statutes, provides that the wife shall not be endowed of land sold to satisfy a lien or incumbrance created by deed in which she joins or to satisfy a lien for purchase money. But if there is a surplus of the land or proceeds of sale after satisfying the lien, she shall have dower or compensation out of such surplus, unless the surplus proceeds of sale were received or disposed of by the husband in his life-time.

It is urged by the appellee that by the term "deed" in this statute is meant "mortgage," or rather that the former embraces the latter, and that the appellant, having joined in the mortgage or deed creating the lien, to satisfy which the sale was made, is not endowed of the land. There is much plausibility in this construction. The intention certainly seems to be that if the wife joins in a conveyance creating a lien, and the land so encumbered be sold to satisfy it, she shall not be endowed thereof, but may have compensation out of the surplus, &c. A deed, in the ordinary sense of that term, is not what is meant

in the statute, as by it no lien is created against the grantors, to satisfy which a sale of the land can be made. A mortgage of land is a conveyance of it for the purpose of securing the payment of debt. It is a deed creating a lien, and seems to be the very instrument designated in the statute, in which, if the wife join, she is divested of dower, save in the surplus proceeds of the sale, if one be made to satisfy the lien so created. Such has been the construction of this statute in cases of sales for purchase money. In Melone, &c., v. Armstrong, 79 Ky., 248, it is said: "This statute evidently contemplated that a sale might be made by the husband, and that he might sell the whole or only so much as would satisfy the lien, but whether sold by the husband or under the judgment of a court, if the whole be sold *bona fide*, because there is a lien for the purchase money, and with a view to satisfy it in the manner deemed by the husband to be most beneficial to him, and with no design to deprive the wife of her potential right of dower, she will not be entitled to dower, although less than the whole would have satisfied the lien."

So it would seem if it be sold in good faith, because there is a lien for a debt created by a deed of mortgage, in which the wife has joined, and with a view to satisfy it, she should not be entitled to dower in the absence of any design to deprive her of her inchoate right. The statute makes no distinction between sales made under an order of court and those made by the owner; and liens for purchase money are placed in the same class with liens created by deed in which the wife joined. She oc-

cupies the same relation to the one class as to the other. In neither case has the husband or wife any beneficial interest in the lands not subordinate to the liens. In this case the lien consumed the property when sold at its full value, and moreover, the wife is shown, in the judgment of the chancellor, to have been present at the sale. There is a conflict of testimony on this point, but it appears reasonably well established that she was present when the property was offered for sale. The land was sold without reservation, with clear, free and unincumbered title. The sale included her interest. She stood silently by acquiescing in these announcements of the assignee in bankruptcy, doubtless in view of the fact that she had theretofore conveyed her entire right and interest. Her silence for more than seven years thereafter is consistent with this view, and we think it would be unjust and inequitable to allow her dower in the property at the expense of one who has paid its full value.

Judgment affirmed.