CASE 33—ACTION BY MELVINA BOARD TO RECOVER DOWER IN CERTAIN LANDS OWNED BY HER DECEASED HUSBAND.—DEC. 3.

# Helm v. Board, &c.

APPEAL FROM M'LEAN CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

DOWER—PURCHASE MONEY LIEN—SURPLUS PROCEEDS—VESTED RIGHTS OF WIDOW—PURCHASER.

1. Under Rev. St., ch. 47, art. 3, sec. 6, adopted in 1852, now Kentucky Statutes, sec. 2135, providing that a wife should not be endowed of land sold but not conveyed by the husband before marriage, nor of land sold bona fide after marriage to satisfy a lien or incumbrance created before marriage, or created by deed in which she joined, or to satisfy a lien for purchase money, where the whole of the land was sold under a judgment for the balance of the purchase money due thereon, the wife is not entitled to dower therein, although she was married to her husband prior to the adoption of the Act of 1852.

2. The wife's inchoate right of dower is not a vested right in the sense that it is not subject to change or even abolishment by the Legislature so long as it remains in expectancy—that is, during the life of the husband.

3. The Act of 1852, providing that if there should be a surplus of the land or proceeds of sale, after satisfying the liens, she shall have dower or compensation out of such surplus, unless such surplus or proceeds were received or disposed of during the lifetime of her husband; the whole of the land having been

Vol. 114—19

Helm v. Board, &c.

sold, the widow's right to dower must be satisfied out of the surplus proceeds of the sale, for which the land nor the purchaser thereof is not liable.

W. E. GARTH, JONSON & WICKLIFFE and SIMS & COVINGTON, for APPELLANT.

POINTS ARGUED AND AUTHORITIES CITED BY APPELLANT.

1. A statute will never be construed to have a retrospective operation where that construction may be avoided.

2. The wife's interest in her husband's land is an interest that can not be divested without her consent, either by the acts of the husband, or the act of the Legislature.    Rose v. Rose, 46 S. W., 424; Williams v. Courtney, 77 Mo., 587; Maguire v. Maguire, 7 Dan., 154; Anderson's Trustee v. Stewart, 79 Ky., 499; Williams v. Williams, 11 Ky. Law Rep., 499; Bright's Husband and Wife, vol. 1, page 387; Washburn on Real Property, vol. 1, page 312; 1 Dallas, 415.

3. The interest of the wife is such an interest, even during the life of the husband, as to be an encumbrance upon land, and to authorize her to maintain an action even against her husband for fraud in conveying the land before he was married to her.   IV. B. M., 215; Maguire v. Maguire, &c.

4. Section 2135 of the Kentucky Statutes was not intended by the Legislature to divest the interest of a wife, already married, in lands owned before the passage of the statutes; but if it was so intended, then it is clearly against the spirit of the decisions in this court, in all the cases cited above, and especially in Rose v. Rose, and in other cases since decided to the same import.

5. The decisions in Kentucky rendered in cases arising under section 2135 are not conclusive of this case, because in none of those cases were the facts parallel with the facts in this case. All those cases arose in litigation over the interest in lands the title to which had been acquired after the passage of the statute.

W. B. NOE, W. A. TAYLOR and LITTLE & LITTLE, counsel for APPELLEE.

POINTS CONTENDED FOR AND AUTHORITIES CITED.

1. During coverture, the husband owned land, which was sold under judgment in 1856 to pay purchase money and other debts.   The husband died in 1897.   The wife (appellant) sued the purchasers of the land for dower and rents.   Contended that appellant's only remedy was against those who received the surplus proceeds of the sale after paying purchase money, and

not against the purchasers. Kentucky Statutes, 2133; Malone v. Armstrong, 79 Ky., 248; Tisdale v. Risk, 7 Bush, 139; Ratcliffe v. Mason, 92 Ky., 190.

2. Where in suit at law on purchase money note, an equitable defense is filed, and plaintiff files affidavit that the delay caused by the defense would endanger the debt, and thereupon the court requires security (under section 11, Myer's Code) and accepts it, the vendor does not thereby waive his lien. McClure v. Harris, 12 B. M., 265; 2 Story's Eq. Jur., 1224; Bradley v. Curtis, 79 Ky., 328.

3. Revised Statutes were not retrospective, chapter 21, sec. 14.

4. A retrospective statute is one that takes away or impairs vested rights. Black's Inter. Laws, 247.

5. If wife owned lands prior to Married Woman's Act in 1894, the husband had a vested interest, which was not affected by that act, but if the wife acquired title after 1894, the right of the husband was governed by that act, though married before. Mitchell v. Violett, 20 Ky. Law Rep., 378; Cooley's Const. Lim., 442; Rose v. Rose, 20 Ky. Law Rep., 417.

6. Dower does not become freehold estate until assigned. Anderson v. Sterrett, 79 Ky., 499.

7. The wife's inchoate right of dower is not a vested interest, and can not so become until the husband's death, and during the husband's life the Legislature has full power to abridge, regulate, or altogether abolish it.    Black's Law Dictionary, titles, "inchoate" and "vested estate;" 6 A. & E. Ency. (2d ed.), 956 and notes, Ib., 957, citing authorities; Mitchell v. Violett, supra.; 4 Kent's Com., 61; McNeer v. McNeer, 19 L. R. A., 256 and note by Mr. Rich.; Stewart, Husband and Wife, sec. 262; 2 Bishop Law of Married Women, sec. 42; Cooley's Const. Lim., 441; Hatcher v. Buford (Ark.) 27 L. R. A., 510; Sanders v. McMillan, 39 A. St. R., 27, and note by Mr. Freeman; 1 Washburn, Real Property, 280; Moore v. The Mayor, 4 Sandf., 456; Randall v. Kreiger, 23 Wall., 137; 2 Dembitz on Land Titles, p. 824.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant and her late husband, Geo. L. Helm, were married in 1848. The husband died intestate in 1897. In October, 1880, he was seised in fee simple of a tract of land then in Muhlenberg county, now McLean county, containing about 757 acres. A portion of this land (nine lots) her husband sold and conveyed (she joining in the conveyances)

between 1850 and 1854. The remainder of the original tract her husband mortgaged to various persons and firms in 1854 and 1855. Appellant did not join in the execution of any of the mortgages. She brought this suit in 1898 to have dower allotted to her in the land above mentioned, in the conveyances of which she did not join. The principal defense is that the land had been sold under a decree of the McLean circuit court in 1856, in consolidated actions brought against said Geo. L. Helm to enforce the liens on this land, evidenced by the mortgages above named, as well as to foreclose purchase-money liens recited and retained in the deed by which Helm obtained the title. The balance of the purchase money then owing was $3,714.10. The land and lots brought at the sale $6,868; the excess above the balance owing on purchase money having been applied to the payment of costs in the actions, and then to certain mortgage debts therein sued on. The vendor having died, the actions in his name were revived in the name of the administrator, who also brought another action on the remaining unpaid purchase-money notes. It was in these suits, consolidated with those to foreclose or enforce the above and other mortgage liens, that the decree of sale was entered, under which the land was sold in 1856. A demurrer to the defense above outlined having been over-ruled, and no pleading sufficiently controverting it having been filed or tendered, appellant's petition was dismissed.

It seems to be the contention of the appellant that her right to dower in this land became fixed or vested as of October, 1850; that then it was the law that the wife should be endowed of her husband's lands, without regard to liens or obligations for purchase money or other cause, except she voluntarily relinquished such right; that the Revised Statutes, adopted in 1852, by section 6, art. 3, c. 47, and

since continued in force, changed the rights of wives in this respect, but as to her rights that statute was not intended by the Legislature to apply, as to have it to do so would be violative of her vested right, and would therefore be unconstitutional. We are unable to agree with the argument. The wife's inchoate right of dower is not a vested right in the sense that it is not subject to change, or even abolishment, by the Legislature, so long as it merely remains an expectancy—that is, during the life of the husband (Cooley, Const. Lim., 441; 2 Bish. Mar. Wom., section 42; McNeer v. McNeer [Ill.], 32 N. E., 681, 19 L. R. A., 256; Mitchell v. Violett, 104 Ky., 77 (20 R., 378) 47 S. W., 195; Phillips v. Farley (23 R., 2201) 66 S. W., 1006), although it is a valuable right, which the law will recognize and protect (Petty v. Petty, 4 B. Mon., 215, 39 Am. Dec., 501). The case of Rose v. Rose, 104 Ky., 48 (20 R., 417) 46 S. W., 524, 41 L. R. A., 353, 84 Am. St. Rep., 430, is relied on by appellant as sustaining the contrary view to that here announced. The doctrine of the Rose case is evidently misunderstood by counsel. In that case, and in the one of Mitchell v. Violett (decided the following day), the questions were as to the character of the husband's estate in his wife's lands. It was held that inasmuch as his right to the use of her lands during coverture was fixed and complete as to all lands owned by her during her coverture, and prior to the law of 1894, the Legislature could not curtail this right of the husband without his consent. His right was not, in that case, in expectancy, merely, but was fixed. The facts of this case would be analogous to Rose v. Rose only in event the husband had died before the Legislature undertook to change the wife's dower interest. Chapter 47, art. 4, section 6, Revised Statutes, which is identical with section 2135, Kentucky Statutes, was as

follows: "The wife shall not be endowed of land sold but not conveyed by her husband before marriage; nor of land sold *bona fide* after marriage to satisfy a lien or encumbrance created before marriage, or created by deed in which she joined, or to satisfy a lien for the purchase money. But if there is a surplus of the land or proceeds of sale after satisfying the lien, she shall have dower or compensation out of such surplus, unless the surplus proceeds of sale were received or disposed of by the husband in his lifetime." The whole of the land was sold in this case. Therefore there was no surplus of the land. Then the widow's right to dower must be satisfied out of the surplus proceeds of the sale, for which the land is not liable, nor are its present owners. Tisdale v. Risk, 7 Bush, 139; Melone v. Armstrong, 79 Ky., 248; Ratcliffe v. Mason, 92 Ky., 190 (13 R., 551) 17 S. W., 438. The widow's right to dower was subordinate to the vendor's purchase-money lien before the adoption of the Revised Statutes, supra. McClure v. Harris, 12 B. Mon., 264. But in any event, we hold that the sections of the statutes above quoted control her right in this case.

It follows that the judgment of the circuit court should be affirmed.

Petition for rehearing by appellant overruled.