Morgan v. Wickliffe.

---

CASE 27—ACTION BY WICKLIFFE AGAINST MORGAN TO ENFORCE A MORTGAGE LIEN ON LAND.—MARCH 24.

# Morgan v. Wickliffe.

APPEAL FROM DAVIESS CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. ON REHEARING THE FORMER OPINION REVERSING THE CASE IS WITHDRAWN AND THE JUDGMENT OF THE LOWER COURT AFFIRMED.

MORTGAGES—FORECLOSURE—DOWER—WIFE NOT NECESSARY PARTY.

Held: 1. A mortgage is a deed, within Kentucky Statutes, section 2135, providing that the wife shall not be endowed of land sold to satisfy a lien or incumbrance created by deed in which she joined.

2. Under Kentucky Statutes, section 2135, providing that the wife shall not be endowed of land sold to satisfy an incumbrance created by deed in which she joined, but that, if there is a surplus after satisfying the lien, she may have dower out of such surplus, a wife who joins with her husband in a mort-

Morgan v. Wickliffe.

·gage on the husband's land has no interest therein, and is not a necessary party to a suit to foreclose the mortgage.

LUCIUS P. LITTLE, ATTORNEY FOR APPELLANT.

Section 579, Civil Code, does not require misprisions to be indicated in notice.

Appellant respectfully urges that his case be reversed:

1. Because the bond to · the non-resident defendant, Fannie C. Morgan, required by section 410, Civil Code, has not been executed.

Failure to execute bond to non-resident is not a clerical misprision, but an error.  Payne v. Witherspoon, 14 B. M., 27; Brownfield v. Dyer, 7 Bush, 507.

While it is true that there is no judgment of any kind against her she was a necessary party, and it may be error to order a sale without some judgment either defining or barring her right, and appellant will be greatly damaged by the cloud resting upon the title which a proposing purchaser might acquire; consequently bidders will be deterred from competing at the commissioner's sale.

2. Because the decree of sale is misleading and does not clearly determine what the commissioner may sell.  While the decree adjudges the property to be susceptible of division, yet the commissioner is directed to sell "the tract of land, or so much as may be necessary," thus giving the commissioner an option of selling the whole to appellant's prejudice as well as to the prejudice of the non-resident defendant who is a married woman and a special ward of a court of equity.

3. Because the commissioner's fee is not fixed as required by section 1740, Kentucky Statutes.  Wade v. Covington City Bank, 2 R., 231.

4. Because the commissioner can not comply with section 696, which requires that he must, in his advertisement, set out the amount of the debt, interest, and to be raised by the sale.

5. Because the decree directs the sale to be ˮmade on a credit of six, twelve and eighteen months instead of nine, twelve and eighteen months.

On February 25, 1899, a decree of sale was rendered, to be made on a credit of six, twelve and eighteen months, but on April 11, 1899, appellant moved to set aside that decree, because the credit was unreasonable, and on July 8, 1899, the court set aside that decree.

On July 11, 1899, the court adjudged the credits to be on nine, twelve and eighteen months.  Appellant did not appeal from the judgment determining the credits to be on nine,

Morgan v. Wickliffe.

twelve and eighteen months, and the court had no authority to revise its judgment made three years previously.

JEP. C. JONSON, FOR APPELLEE.

1. The commissioner's fee, for making sales and conveyance, is fixed by statute, and need not be set out in the judgment. Kentucky Statutes, section 1740.

2. The matters at issue in this case were determined in a former appeal. Morgan v. Wickliffe, 61 S. W., 13.

3. Before a misprision can be taken advantage of in this court, it must have been acted upon by the lower court. Civil Code, secs. 516, 763.

4. The time upon which property is to be sold is discretionary in the court, and every judgment ordering a sale must fix the time and is only limited that it shall be reasonable, but in no event to be no less than three months for personal property, nor less than six months for real property. Civil Code, section 696.

L. P. LITTLE, FOR APPELLANT ON PETITION FOR REHEARING.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. Judgment affirming cases void, because on 5th of January, 1903, this court had no jurisdiction of the case. As motion to file petition under sections 2514, 2515 and 2516, Kentucky Statutes, would not give jurisdiction, neither would motion to extend to appellee additional time for filing petition for rehearing restore the jurisdiction of this court. This court could acquire jurisdiction only by filing petition for rehearing in the manner required by the code, and by 15th and 23d rules of this court, appellant's motion to dismiss appellee's petition for rehearing should have been sustained. Scroggins v. Scroggins, 1 J. J. Marshall, 364; Kennedy v. Hines, 4 Ben Monroe, 412; Stephen v. Wilson, 14 Ben Monroe, 88; Finnell v. Jones, 7 Bush, 361.

2. The potential right of dower has a present cash value as ascertained scientifically by a "mathematician of recognized learning and ability," (Lancaster v. Lancaster, 78 Ky., 201). This scientific ascertainment of the laws of nature is prefixed to the Kentucky Statutes, as it was prefixed to the 3 Bush, and has been the invariable standard by which this and all other courts in this and our sister States have weighed, tested or ascertained the present cash value of a potential right. Alexander v. Bradley, 3 Bush, 668; Lancaster v. Lancaster, 78 Ky., 198.

3. By denying the wife's right to be heard in asserting her right to the present cash value of her potential right of dower; and of her right to a homestead, and to deny the validity both of the debt and the mortgage, her constitutional rights have been denied her. Constitution U. S. Fourteenth Amendment, Constitution Kentucky, 14, section Bill of Rights. Railroad v. McCarthy, 96 U. S., 267; Ins. Co. v. Norton, 96 U. S., 242; Windom v. McVey, 93 U. S., 242; Graffam v. Burgess, 117 U. S.; Hetcher v. Peck, 6 Cran., 137; Hemphill v. Haas.

4. Wife having been made a party by appellee thus admitting that she had some right to be heard, neither appellee nor this court could dismiss this action as to her, nor has it yet been dismissed as to her. R. R. v. McCarthy, 96 U. S., 267; Ins. Co. v. Norton, 96 U. S., 242; Lancaster case, 78 Ky., 198; Willett case, 14 Bush, 174.

5. Assuming that husband could sell mortgaged land to pay the mortgage without the consent of the wife, this court could not thus enforce the lien.

6. Tisdale v. Bush, 7 Bush, 141, when in construing the 2135 section, Kentucky Statutes, the court adjudged in the most positive language insusceptible of misconstruction, that this court could not thus divest the wife of her rights. "Judicial appropriation can not be such receipt or disposition by the husband, as contemplated by the spirit and aim of the statute." So also Willett v. Beattie, 14 Bush, 174, unanimous opinion allowed wife's claim against the purchaser at judicial sale to enforce vendor's lien, "but she was no party to the suit, her right and claim to dower is therefore not barred."

Prather v. McDowell, 8 Bush, 61 unanimous opinion (Judges Robertson and Lindsay were of the court). The intention must be gathered from the language of the conveyance itself, and not supplied outside of that instrument, and she is not estopped from asserting her claim to dower, though she did join in the execution of the deed.

The majority of the opinion in case at bar, refuses the right of the wife even to deny the execution of the mortgage, or the validity of the debt. She is not permitted even to allege that her signature was a forgery.

7. Judgment void because 410 section, Code of Practice, was not executed. Brownfield v. Dwyer, 7 Bush, 505. The judgment was of necessity void.

8. Court can suspend rules 15 and 23. Constitution, Kentucky, section 110 and section 15, Bill of Rights. Court must adjudicate errors complained of by appellant in his previous

brief and which were overlooked by the court. Constitution Kentucky, section 14, Bill of Rights.

RESPONSE TO APPELLANT'S PETITION FOR REHEARING.

JEP. C. JONSON, FOR APPELLEE.

The appellant, W. A. Wickliffe, responding to the petition for rehearing, and to the amended petition filed by appellant, denies that the judgment affirming the lower court's judgment is void.

On the 3d of December, 1902, by a majority opinion of this court, the judgment of the lower court was reversed; on the 17th day of Dacember, 1902, this court finally adjourned, the fall term for 1902; on the 5th day of January, 1906, the court again met, in the January term, and on that day a dissenting opinion was filed, and time was then given in which to file a petition for rehearing; the petition was filed and on the 24th day of March, 1903, the judgment of the lower court was affirmed.

The 3d of December, 1902, was Wednesday and from that day to the 5th of January, 1903, excluding the former and including the latter, there were thirty-three days; there were four Sundays in December and one Sunday in January to be excluded, which, subtracted from the thirty-three days, would leave but twenty-eight days to be counted, so that we had the right under the law to file the petition for rehearing, or to make our application for an extension of time, and on the 5th of January time was given, and within the time the petition for rehearing was filed, so that it results that we were in time and the order of extension was properly made without notice to appellant.

We have read with very much interest the very ingenious petition for rehearing, and we admire the ingenuity and learning displayed by the appellant and his learned counsel; but as I am in my seventieth year, and will, within a few fleeting months reach the allotted span, of "three score years and ten," my time is too short to undertake a rethreshing of the straw which has already been twice through the treadmill. I therefore respectfully request that the petition be dismissed. Sec. 760, Civil Code; Cline v. Wrighton, 7 R., 215; L. & N. R. R. Co. v. Turner, 81 Ky., 599.

OPINION OF COURT BY JUDGE PAYNTER—AFFIRMING

[Former opinion withdrawn. For former opinion, see 22, R., 1870, 70 S. W., 680.]

The appellant, Morgan, executed to appellee, Wickliffe, a note for the sum of $2,127.40, and, to secure the payment of it, executed a mortgage upon a tract of land in Daviess

county, Ky. The property belonged to Morgan, but his
wife joined in the execution of the mortgage. This action
was instituted to enforce it, to which the wife was made a
party, and was proceeded against as a nonresident. The
husband appeared and made a defense to the action. A
warning order was made against the wife, but she never an-
swered. The court rendered judgment decreeing a sale of
the land to satisfy the mortgage debt, but made no refer-
ence to the wife's rights in the land; nor was a bond exe-
cuted to her as a nonresident, under section 410 of the Civil
Code of Practice. A reversal is sought upon the ground
that such bond was not executed.

.The wife was not a necessary party to the action. The
effect of the mortgage which she executed was to release her
potential right of dower in the land, except the surplus pro-
ceeds arising from the sale of the land, if any. Section 2135,
Kentucky Statutes, reads as follows: "The wife shall not
be endowed of land sold, in good faith, but not conveyed
by the husband before marriage, nor of land sold, in good
faith, after marriage, to satisfy a lien or incumbrance
created before marriage, or created by deed in which she
joined, or to satisfy a lien for the purchase-money; but if
there is a surplus of the land or proceeds of the land after
satisfying the lien she may have dower out of such surplus
of the proceeds, unless they were received or disposed of by
the husband in his life time." In this section it is expressly
stated that the wife is not entitled to dower in land which
is sold in satisfaction of a lien or incumbrance created be-
fore marriage, or created by deed in which she joined, ex-
cept, if there is a surplus of the land, or proceeds of the
land, after satisfying the lien, she may have dower out of
such surplus of the proceeds, unless they were received or
disposed of by the husband in his lifetime.

In Schweitzer v. Wagner, 94 Ky., 458, 15 R., 229, 22 S. W., 883, the court had under consideration the construction of the statute above quoted. In that case it appeared that the wife joined in the mortgage. In the proceedings to sell the land she was not made a party. Afterwards she brought a suit to have dower assigned her out of the land. It was claimed that she was not a party to the proceeding to enforce the lien, and therefore was entitled to recover dower. The court held that the mortgage in which she joined was a deed, within the meaning of the statute. In effect, the court held that she by the mortgage divested herself of any interest in the land; her interest being in the surplus proceeds which the statute gave her, and only in this if the husband did not dispose of it during his lifetime. In that case the court said: "It is urged by the appellee that by the term 'deed,' in this statute, is meant 'mortgage,' or, rather, that the former embraces the latter, and that the appellant, having joined in the mortgage or deed creating the lien, to satisfy which the sale was made, is not endowed of the land. There is much plausibility in this construction. The intention certainly seems to be that if the wife joins in a conveyance creating a lien, and the land so incumbered be sold to satisfy it, she shall not be endowed thereof, but may have compensation out of the surplus, etc. A deed, in the ordinary sense of that term, is not what is meant in the statute, as by it no lien is created against the grantors, to satisfy which a sale of the land can be made. A mortgage of land is a conveyance of it for the purpose of securing the payment of debt. It is a deed creating a lien, and seems to be the very instrument designated in the statute, in which, if the wife joins, she is divested of dower, save in the surplus proceeds of the sale, if one be made, to satisfy the lien so created. Such has been the construction of this

Morgan v. Wickliffe.

statute in cases of sales for purchase money. . . . So it would seem, if it be sold in good faith, because there is a lien for debt created by deed or mortgage, in which the wife has joined, and with a view to satisfy it, she should not be entitled to dower, in the absence of any design to deprive her of her inchoate right. The statute makes no distinction between sales made under an order of court and those made by the owner, and liens for purchase money are placed in the same class with liens created by deed in which the wife joined. She occupies the same relation to the one class as to the other. In neither case has the husband or wife any beneficial interest in the lands not subordinate to the liens." There is no distinction between a lien for purchase money, and a lien created by mortgage or deed. The wife has a potential right of dower in the land in the one case as in the other. In each case it is subordinate to the lien.

In Melone, etc. v. Armstrong, 79 Ky., 248, it is said: "This statute evidently contemplated that a sale might be made by the husband, and that he might sell the whole, or only so much as would satisfy the lien; but whether sold by the husband, or under the judgment of a court, if the whole be sold bona fide, because there is a lien for the purchase money, and with a view to satisfy it in the manner deemed by the husband to be most beneficial to him, and with no design to deprive the wife of her potential right of dower, she will not be entitled to dower, although less than the whole would have satisfied the lien."

In Ratcliffe v. Mason, 92 Ky., 190; 13 R., 551; 17 S. W., 438, it was held that, where land of the husband is sold in good faith to satisfy a lien for purchase money, the wife is not entitled to dower in the land, although it may have been sold for more than the amount of the lien, and that this is true whether the sale was made directly by the hus-

band, or under direction of the court, and it must be re-
garded as a sale in good faith, whether it is made pursuant
to a deed .or assignment, or directly by the husband, as
that which a person is legally bound to do can not be said
to have been done in bad faith.

It was held in Johnson v. Cantrill, 92 Ky., 59; 13 R., 497;
17 S. W., 206, that a widow is not entitled to dower in
the land of the husband which has been sold to satisfy a
lien for the purchase money.

These opinions relating to a case where land was sold
to satisfy a lien for purchase money are identical in prin-
ciple with the case where a mortgage lien is enforced be-
cause the statute is made to apply where sales are made
directly by the husband, or under a judgment of court, to
satisfy a lien or incumbrance, whether it is created by deed
or mortgage in which she joins, or to satisfy a lien for
purchase money.  The only difference between the rights
of the wife in land which the husband owns, and
incumbers by mortgage in which she joins, and
land which the husband has purchased and which is in-
cumbered by lien for purchase money, is that the lien for
purchase money is created by the operation of law, as it
attaches when the land is conveyed and the purchase money
remains unpaid, while in the case of a mortgage the poten-
tial right of dower exists, except when the wife has waived
it by joining in the mortgage.  When either of the two
transactions take place, the wife's rights in the land are ex-
actly the same; the difference being that in the one case
she waives her right, and makes it subordinate to the lien,
and in the other the law determines it, and makes it sub-
ordinate to the lien.  The fact that the wife is not a party
to the suit is immaterial, because at the time of the en-
forcement of the lien she has no present interest in the

land which can be sold to satisfy the lien.  In Tisdale v. Risk, 7 Bush, 141, the court expressly held that the widow's title can not be extended to the land purchased by a party from a court, and conveyed to him by the court without incumbrance of lien in her favor.  The statute was intended to protect purchasers under such circumstances, but the wife loses her dower and compensation therefor in the surplus if it is received or disposed of by the husband in his lifetime.  This is true whether the surplus proceeds are received by the husband as a result of a private or judicial sale of the property to satisfy a lien or incumbrance on it. The plaintiff has no right to the surplus proceeds because his demand has been satisfied when the lien or incumbrance has been discharged by the appropriation of enough of the proceeds of the sale to pay his debt.  He is not compelled to look to the application of the surplus proceeds; hence he has no liability for its application.  Neither is the purchaser compelled to look to the application of any part of the purchase money.

The plaintiff asserted no cause of action against the wife. He did not seek to appropriate her property for the payment of the debt, but only sought to subject the husband's property, in which she, by the mortgage, had waived her potential right of dower, and, in effect, had consented that the husband might directly sell it, without her joining with him, to satisfy the debt; and what he could do, and failed to do, the court had a right to do for him.  Had the plaintiff given the wife a bond, it could not have protected her against the act of the husband in getting the surplus proceeds, if any.  It would have been an idle thing to have executed it.

In this case only so much of the land was ordered sold as was necessary to satisfy the judgment, and under which

there could be no surplus proceeds; and, of course, no question could arise as to their application.

It is a useless thing to make the wife a party to an action, because her potential right to dower may never ripen into a dower interest, as she may not survive her husband. One desiring to purchase land at a judicial sale can examine the record to see whether the wife has joined in the deed or mortgage, and made her potential right of dower subordinate to the lien to satisfy which it is being sold. The purchaser must take notice of the condition of the record with reference to her action.

It has been suggested that she should have a right to show whether or not she joined in the mortgage before the land was ordered to be sold. So far as her rights are concerned, that is immaterial. If she has not executed a mortgage, and her potential right has ripened into a dower interest, it will then be time enough to show that she did not join in the mortgage waiving it.

It is suggested that the husband is interested in having the land bring as much as possible, and that it will bring more, if there is a judgment barring her right to dower. As she signed the mortgage, the purchaser is presumed to have examined the record, and to have concluded, under the opinions of this court, that her rights were subordinate to the plaintiff's lien. If she had filed an answer, and successfully shown that she did not execute the mortgage, it would not have helped the husband, because the land would have brought less at the sale than it did bring.

Doubtless there are cases of other courts which hold the wife is a necessary party to an action to enforce a lien upon the husband's property. They are not based upon a statute, as are the opinions of this court.

The previous opinion delivered herein is withdrawn. Judgment is affirmed.

Morgan v. Wickliffe.

Judge O'Rear's dissenting opinion:

The petition for rehearing relied upon the cases of Tisdale v. Risk, 7 Bush, 141; Melone v. Armstrong, 79 Ky., 248; Ratcliffe v. Mason, 92 Ky., 190, 13 R., 551, 17 S. W., 438; Johnson v. Cantrill, 92 Ky., 59, 13 R., 497, 17 S. W., 206. Those cases were not overlooked on the former consideration of the case. But a reference to them will disclose that every one of them involved a sale of lands to satisfy a purchase-money lien. The statute being construed and applied provided that the wife should not be endowed of land of her husband, sold in good faith to satisfy a purchase-money lien thereon. Section 2135, Ky. St. Nor is she endowed of land sold by him, but not conveyed, before the marriage. No right of hers was or could be affected by the proceedings if either the land had been sold by the husband before the marriage, but not conveyed, nor if it was sold in good faith to satisfy a purchase-money lien. For her right as potential dowress had never attached to the land. However, we apprehend that even in such state of case it would not be improper to join the wife as a party defendant, under proper allegations, so that the complete title might be assured to the purchaser. But in the matter of a mortgage in which she has joined, or which purports to be signed by her, the case admits that she had a right in the premises, but asserts that she has divested herself of it by an act which, under the statute, when executed by her before certain officials and under certain formalities, extinguishes her right as against the plaintiff's debt. That is true, but it is no truer than that the husband is by a similar act alone divested of his right in the land as against that debt. Why should not she have her day in court, as well as he, before their rights shall be foreclosed? Perchance, she did not sign the mortgage,

or that she did so under duress, or by reason of the fraud or deceit of the mortgagee, or she may have been non compos at the time, or an infant, or she may have executed it for a certain consideration from the mortgagee to her, which had failed. Can it be said that she should be precluded, by a judgment in an action to which she is not a party, from making any such defense? There is an obvious distinction between one's never having had a title, and having conveyed it as pledge or security for a debt. In the first instance the person may well be ignored. In the second there is always, under our practice, such an interest as permits the person whose property is to be taken in satisfaction of the debt to be heard and to redeem. The case of Helm v. Board (decided on the same day as was this case), 24 R., 1037; 70 S. W., 679, was likewise a case where a purchase-money lien had been enforced. The statute gave the wife, in that event, dower only in the surplus of land or its proceeds at the sale to enforce the lien. Helm v. Board merely followed Tisdale v. Risk, supra, and the other cases cited, and was cited in the opinion in this case as being in harmony with its doctrine.

For these reasons, and those stated in the original opinion, I can not concur in the opinion now filed by the majority of the court in this case.

Chief Justice Burnam and Judge Nunn concur in this dissent.

Petition by appellant for rehearing overruled.

Whole court sitting.