# Smith, et al. v. Sellers, et al.

(Decided June 15, 1926.)

## Appeal from Jessamine Circuit Court.

1. Judgment—Judgment that Vendor's Lien was Prior and Superior to All Other Liens Held in Accordance with Pleadings.—Where, in action by vendor on vendor's lien notes against vendee, wherein bank claiming lien was made party defendant, vendee filed no answer and bank conceded that vendor had a prior and superior lien, held that judgment directing sale of land, and that vendor's lien was prior and superior to all other liens, was in accordance with pleadings.

2. Husband and Wife—Wife of Purchaser Executing Notes with Lien on Land to Secure Them is Not Necessary Party in Suit by Vendor on Notes and to Enforce Lien.—Wife of one who has purchased land and executed notes for purchase price, with lien on land to secure notes, is not a necessary party in suit by vendors on notes, and to enforce liens.

3. Judicial Sales—Report of Sale of Land Pursuant to Judgment Rendered in Accordance with Pleadings, which was Not Excepted to and was Affirmed, Became Final, Precluding Trial Court from Thereafter Setting Aside Judgment and Sale.—Where report of sale of land was not excepted to at time it was affirmed, and judgment ordering sale was in accordance with pleadings, report of sale became final, and trial court could not, on exceptions filed at subsequent term to report of master on distribution of proceeds, set aside judgment and sale.

BAILEY D. BERRY and L. SAUNDERS for appellants.

BRONAUGH & BRONAUGH for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal is from an order of the Jessamine circuit court, overruling exceptions to the report of distribution of funds, filed by the master commissioner, arising from the sale of lands of appellant, W. C. Smith. Appellant Smith owed a one-fifth undivided interest in a farm descended from his father. His sister and three brothers owned the other four-fifths. He bought the four-fifths owned by his sister and three brothers, agreeing to pay therefor something more than $35,000.00; he borrowed $12,000.00 from the Citizens' Bank of Jessamine with which to make the first payment and executed his notes to the sister and brothers, payable in one, two and three years, with interest, secured by lien on the

lands, for the balance of the purchase price. To secure the loan obtained from the Citizens' Bank of Jessamine he mortgaged his interest in his father's home place as well as the interest purchased from his brothers and sister, and also a tract of about 70 acres known as the Elizabeth Arnold tract. When the notes were not paid the sister, Mrs. Sellers, brought this action against him, making his brothers parties defendant, calling upon them to set up their lien claims and also making the Citizens' Bank of Jessamine, First National Bank of Nicholasville and Southern Trust Company parties defendant, because each of them claimed some interest in the subject of the controversy. Appellant, W. C. Smith, did not answer and judgment was taken against him by default, but before this was done all of the other defendants filed answer making the same a cross-petition against W. C. Smith, and the Citizens' National Bank of Jessamine made its answer a cross-petition against W. C. Smith and wife, Stella Smith, and caused process to be issued for both. After setting up its claim the Citizens' Bank of Jessamine averred "that by virtue of the said mortgage (which it held on the lands) it has a lien upon the three tracts of land hereinabove described (which includes the home place and the Arnold place), but that the lien of James R. Smith and Henry M. Smith, the First National Bank of Nicholasville and Benjamine G. Smith and the plaintiff, Mary L. Sellers, is superior and prior to its lien on tracts Nos. 1 and 2 (the old home place), but that its lien on said two tracts is superior to all others and that its lien on tract No. 3 is superior and prior to all other liens, should any other exist and that none exist of which it has knowledge." The default judgment entered by the court when W. C. Smith failed to plead, directed the sale of all the Smith lands, which included W. C. Smith's one-fifth undivided interest, and further ordered that "to secure the payment of said several judgments in favor of the said Mary L. Sellers, James M. Smith and Benjamine G. Smith and the First National Bank of Nicholasville, each have a lien upon the two tracts of land described in the petition, which said lien is prior and superior to all other liens, but of equal force and dignity with each other. Said Citizens' Bank of Jessamine has a lien upon the two tracts of land described in the petition, but said lien is subsequent and inferior to the liens of the plaintiff, Mary L. Sellers, and the defendants, James R. Smith, Benjamine G. Smith,

Henry M. Smith, and the First National Bank of Nicholasville, Ky., above mentioned, and the said defendant, Citizens' Bank of Jessamine, in order to further secure the payment of its said debt had a lien upon another and further tract of land, being the third tract of land described in its answer and cross-petition herein and hereinafter described."

The report of the sale made by the master commissioner was confirmed by the court. He also filed report showing how the funds arising from the sale had been distributed and that the Citizens' Bank of Jessamine had not received anything. Thereupon appellant, W. C. Smith, and the Citizens' Bank of Jessamine filed exceptions to the report of distribution and also moved to correct an alleged clerical misprision claimed to have been occasioned by the entry of judgment before all the parties were before the court, and to set aside the judgment and sale. These exceptions upon hearing were overruled, resulting in this appeal.

It will be noted that appellant, W. C. Smith, filed no answer at all, while the answer of appellant, Citizens' Bank of Jessamine, conceded that appellees, Seller, &c., had a prior and superior lien upon the Smith lands, although W. C. Smith owned an undivided one-fifth interest therein, and the lien which Mrs. Sellers and her brothers had upon the lands for purchase money affected only the four-fifths of the land sold by them to W. C. Smith. The judgment, therefore, was in accordance with the pleadings. True, the deed from Mrs. Sellers and her brothers to W. C. Smith was not filed with the petition of Mrs. Sellers, as stated therein, nor was any request made for its filing by appellants, or either of them. The judgment entered by the court, therefore, was in accordance with the pleadings of the parties.

It is also urged by appellants that Mrs. Stella Smith, wife af appellant, W. C. Smith, was not before the court. The rule is well settled in this jurisdiction that the wife of one who has purchased land and executed notes for the purchase price with a lien on the lands to secure the notes, is not a necessary party in a proceeding by the vendors of the land upon the notes and to enforce the liens. Morgan v. Wickliffe, 115 Ky. 226; Ratcliffe v. Mason, 92 Ky. 190. Mrs. Stella Smith is not, therefore, a necessary party to the proceedings on that account. However, before the cause was submitted and

judgment entered, the Citizens' Bank of Jessamine made its answer a cross-petition against Mrs. Stella Smith and caused process to issue for her and she was duly summoned, thus becoming a party to the action, and before the court previous to the entry of the judgment.

The exceptions filed and relied upon by appellants to the report of the master upon the distribution of the proceeds was not filed until a subsequent term of the court. The judgment being in accordance with the pleadings as made up, was valid and could not be disturbed. The report of sale not being excepted to in time was affirmed and it became final. The trial court was not authorized to grant the relief asked by appellants. The motion to correct the misprision was not well taken because, as we have seen, no misprision actually existed.

Judgment affirmed.