Lee, &c., v. James.

CASE 68—DOWER—NOVEMBER 24, 1883.

## Lee, &c., v. James.

'APPEAL FROM KENTON CHANCERY COURT.

1. P. and wife conveyed land to J.—part of the purchase money paid, part. unpaid. J. and wife executed a deed to C., but the deed was not recorded for eighteen years. After J.'s death, his widow, the appellee, taking advantage of the failure to record the deed, sued for dower. Held :

2. The General Statutes, chapter 24, section 22, providing that deeds shall. be effectual from the time they are recorded, do not apply in this case, the claim of appellee to dower having already attached.

3. The husband of appellee had no interest that was not subject to the lien for purchase money, and, applying the proceeds of the sale to pay the lien, there is no just claim to dower.

PRYOR & CHAMBERS FOR APPELLANT.

Appellee is bound by the terms of the deed of her husband and herself from the date of its record. (General Statutes, chap. 24, sec. 22.)

Chambers having bought from James, the husband of appellee, and applied the consideration of his purchase to the extinguishment of the pending lien for the purchase money, in no case can appellee have any claim to dower.

A. C. ELLIS FOR APPELLEE.

The deed from James and wife (the appellee) was not recorded for eighteen years after its execution. It did not pass the dower interest of appellee. (McGuire v. Bowman, 6 Bush, 550.)

The assignment of error is insufficient. (Harned v. Harvey, MS. Opin., Jan. 24, 1882.)

The lien was paid off by Chambers because he had agreed to pay it as part of the consideration. Being paid off, it now has no validity.

Appellee's right to dower can not be affected by the General Statutes. The statute can not act retrospectively, chapter 21, section 14. (Donahue v. Aikin, 2 Duv., 480.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Porter and wife conveyed a lot of ground in the city of Covington, for the consideration of $624.25, to Alexander

James. One hundred dollars of the purchase money was paid in hand, and the balance was payable in one, two, three, and four years, for which notes were executed, and a lien retained in the deed to secure the payment. James sold this lot to Chambers, Chambers to Moore, and Moore to the appellant, Lee, who is the present owner.

James and wife executed a conveyance to Chambers, properly acknowledged, in June, 1862, but the deed was not recorded until the year 1880, eighteen years after its execution and delivery, and after the death of James, the grantor. After the death of James, which occurred in the year 1879, his widow, the present appellee, instituted this action for dower, based upon the failure to have the deed recorded within eight months. It was not recorded until after the right of the wife to dower had attached, and not until eighteen years from its execution and transfer.

We will not stop to inquire as to the effect of chapter 24, section 22, General Statutes, authorizing deeds to be effectual from the time they are recorded, although they may not have been recorded within the time provided by law. If regarded as a curative statute, it should not apply to a conveyance executed eighteen years before it is recorded, and not then until after the death of the grantor and the right to dower becomes vested in the widow.

The consideration paid by Chambers was $160 in money to James, and the assumption of the purchase money notes to the vendor of James, and these lien notes were afterwards paid by Chambers.

James never had any interest in this land that was not subject to the lien, and that the widow is not entitled to dower, as against a lien for the purchase money, is too well understood to require authority in support of it. That

question is settled not only by the decisions of this court, but by positive statute. The position advanced in this case is, that Chambers paid the price to James by assuming to pay the vendor, Porter, and that if he had paid James, and the latter had paid Porter, the widow would have been entitled to the dower. He never, however, paid James, and no part of the purchase money notes was paid by the latter. If that is regarded as a payment to James, then James should have made to Chambers a deed free from any lien. The vendee of Porter is unable to pay for the lot, and agrees with Chambers that if he will pay him $160 in money, and discharge the lien, he may have the property. The lien was then discharged by Chambers and no one else. What is the difference in a sale by the chancellor to pay the purchase money and a sale by the vendee when he finds that he is unable to pay his vendor? The chancellor makes the sale in the one case, and the vendee himself makes it in the other. It is not the sale by the chancellor that protects the vendee from the claim of dower, where the sale is to satisfy the lien notes, but it is because the husband's title is subject to the lien, and the wife's right to dower is made to depend on the fact as to whether or not the husband's right was beneficial. It is only to the extent that he is beneficially interested that the wife can claim. If the wife's right to dower is subordinate to the vendee's lien, a question not controverted, then its discharge by Chambers is not for the benefit of his vendee, but for his own benefit, as he becomes the owner of the property by assuming to discharge the incumbrance.

In this case the chancellor proceeded against the objection of the appellants to ascertain the cash value of the property, and gave the dower in money, and then ordered a sale of

the house and lot to pay it.   We are not aware of any rule
of law or equity that will authorize the chancellor to assign
dower in this manner.   He can not fix a cash value, and
require the owner of the land to pay it, or subject the land
to its payment without · his consent, where the land has
already been converted into money, or where the parties con-
sent that may be done; but if not, as said by this court in
O'Donnell v. O'Donnell, 3 Bush, "the widow is only enti-
tled to the use of one-third of the land for life," and, where
the land is indivisible, she is entitled to one-third of the
rents.   The property can not be sold, although indivisible,
at the instance of the widow claiming dower, against the
consent of the owner of the land.   (See Liederkrantz So-
ciety v. Beck, 8 Bush.)   It was also error to allow rents or
interest from the death of the husband; it should have been
from the institution of the suit.   But is the widow entitled
in this case?

The 5th section of article 4 of chapter 52, General Stat-
utes (the same evidence is found in the Revised Statutes),
provides: "The wife shall not be endowed of land sold
but not conveyed by the husband before marriage, nor of
land sold in good faith after marriage to satisfy a lien or in-
cumbrance created before marriage, or created by deed in
which she joined, or to satisfy a lien for the purchase money;
but if there is a surplus of the land or proceeds of sale after
satisfying the lien, she shall have dower or compensation
out of such surplus, unless the surplus proceeds of sale were
received or disposed of by the husband in his lifetime."
The statute makes no distinction between sales by the chan-
cellor to satisfy the lien and sales by the owner.   Here the
sale was made to satisfy the liens by the husband of the ap-
pellee, and what was left, after discharging the liens, he

received into his possession. Suppose the lot had been sold by the chancellor, and the purchaser had bid the amount of the lien notes and $160 in addition, and this money had been paid over to the husband, the wife would have been deprived of dower; so when the sale is made by the husband, and the party required to discharge the liens, as in this case, no claim for dower can be asserted. The appellants are not claiming that their money was paid to James, and by him applied to the discharge of the lien, and by this means obtain the application of an equitable rule in their behalf; but they allege, and the contract shows, that he was to discharge the liens and pay James $160. This was done, and the wife's right being subordinate to the liens, and the husband receiving the $160, she is not entitled to dower. Any other construction of the statute would preclude the husband from selling to satisfy the lien without the consent of the wife, and require him or his vendor to subject the estate to sale for that purpose by the aid of a court of equity.

Judgment reversed and cause remanded, with directions to dismiss the petition. It is objected that the assignment of error is insufficient. The objection is to the judgments on pages 53 and 55 of the record, that the court erred in rendering them. This brings up the question as to whether, on the facts, the appellee is entitled to recover.