## City Bank & Trust Company of Hopkinsville, Ky. v. Planters Bank & Trust Company of Hopkinsville, Ky.

(Decided June 22, 1917.)

### Appeal from Christian Circuit Court.

1. Mortgages—Priority—Order of Record—Notice.—Under the statutes and rule that all bona fide deeds of trust or mortgage shall take effect in the order that they are legally acknowledged or proved and lodged for record, and that an unrecorded mortgage is invalid as to purchasers for a valuable consideration and creditors whose debts were created subsequently to the mortgage, a recorded mortgage is superior to a prior unrecorded mortgage, if it was a recordable instrument and the debt was created and the mortgage accepted without notice of the prior mortgage.

2. Mortgages—Proof by Subscribing Witnesses—Certificate—Conclusiveness.—A clerk's certificate that a mortgage was proved by the subscribing witnesses to have been executed in their presence by the mortgagor cannot be impeached, under an allegation of mistake on the part of the clerk, by parol evidence to the effect that the mortgage, which was signed before it was brought to the clerk, was not signed in the presence of one of the attesting witnesses, or that he was not asked by the clerk if the mortgage was signed in his presence.

3. Mortgages—Priority—Notice—Evidence.—In an action involving the priority of a recorded mortgage over an unrecorded mortgage, evidence considered and held that the debt was created and the recorded mortgage accepted without notice of the prior unrecorded mortgage.

4. Mortgages—Judicial Sales—Enforcement of Mortgage Lien—Wife of Mortgagor Not A Party—Dower—Compensation Out of Proceeds.—In an action to enforce certain mortgages, in which the wife of the mortgagor did not unite and to which action

she was not a party, the purchaser of the mortgaged property cannot, after the sale has been made, require the wife of the mortgagor to accept the present value of her contingent right of dower out of the proceeds of the sale.

5. Mortgages—Judicial Sales—Mortgage Lien—Wife of Mortgagor Not A Party—Dower—Compensation Out of Proceeds of Sale As Against the Mortgagees.—Where, in an action to enforce certain mortgages, the purchaser, who was an attorney in the action, and who, therefore, knew that the wife of the mortgagor did not unite in the mortgages and was not a party to the action, and her dower right did not pass by the order of sale, is not entitled, as against the mortgagees, to have the wife compensated out of the proceeds for her contingent right of dower, and thus deprive the mortgagees of their lien on the mortgaged property to that extent.

J. W. DOWNER for appellant.

SELDEN Y. TRIMBLE and TRIMBLE & BELL for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming both on the original and cross-appeals.

Planters Bank & Trust Company brought this suit against F. W. Dabney to enforce a mortgage lien on certain real estate situated in the city of Hopkinsville. The City Bank & Trust Company became a party and asserted a prior mortgage lien on the same property. The chancellor held that the lien of the City Bank & Trust Company was inferior to that of the Planters Bank & Trust Company, and the City Bank & Trust Company appeals.

The mortgage to the City Bank was given to secure an indebtedness of $27,000.00, and was executed and acknowledged on February 8, 1911. It was not lodged for record, however, until September 19, 1914. The mortgage to the Planters Bank is dated May 14, 1914, and attested by two witnesses. It was lodged for record in the office of the clerk of the Christian county court on September 16, 1914, and the tax and recording fee paid thereon. The clerk's certificate shows that the execution of the mortgage was proved by the subscribing witnesses.

Under our statutes and decisions, all *bona fide* deeds of trust or mortgage shall take effect in the order that they are legally acknowledged or proved and lodged for record; and an unrecorded mortgage is invalid as to

purchasers for a valuable consideration and creditors whose debts were created subsequently to the mortgage. Kentucky Statutes, sections 496 and 497; Wicks v. McConnell, 102 Ky. 434, 43 S. W. 205; Clift v. Williams, 105 Ky. 559, 49 S. W. 328; Rankin v. Macfarlane, 25 R. 258, 75 S. W. 221. Here the entire debt of the Planters Bank was incurred after the execution of the mortgage to the City Bank, and its mortgage was recorded before the mortgage to the City Bank was recorded. There can be no question, therefore, of the superiority of the mortgage to the Planters Bank, provided it was a recordable instrument and the debt was created and the mortgage accepted without notice of the mortgage to the City Bank.

For the purpose of showing that the Planters Bank's mortgage was not a recordable instrument, it was attempted, under an allegation of mistake on the part of the clerk, to show that the mortgage was not executed by Dabney in the presence of the attesting witnesses. Our statute provides that "unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called into question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer." Section 3760 of the Kentucky Statutes. In construing this statute, we have held in a long line of decisions that when the certificate is regular and proper on its face, and admited to be signed, and the deed acknowledged before one authorized to take the acknowledgment, what the clerk states as to when it was acknowledged and the manner of acknowledgment cannot be assailed on the idea that the clerk has made a mistake; and parol proof will not be allowed to contradict the legal effect of the certificate by showing that the clerk took the acknowledgment somewhere else, or that the husband was present when the deed was acknowledged by the wife, or that the clerk failed to read and explain the contents of the deed to her. Pribble v. Hall, 13 Bush 61; Cox v. Gill, 83 Ky. 669; Tichenor v. Yankee, 89 Ky. 508, 12 S. W. 947; Keith v. Feder, 16 R. 588, 29 S. W. 316; Davis v. Jenkins, 93 Ky. 353, 20 S. W. 283; Hall v. Hall, 118 Ky. 656, 82 S. W. 269; Long v. Branham, 30 R. 552, 99 S. W. 271; Dukes v.

Davis, 125 Ky. 313, 101 S. W. 390; Tackitt v. Tackitt's Admr., 127 S. W. 987; Bebout v. Old Kentucky Mfg. Co., 145 Ky. 756, 141 S. W. 406. The only case in which the certificate of the officer was ever permitted to be impeached is that of Aultman-Taylor Co. v. Frasure, 95 Ky. 429, 16 R. 6, 26 S. W. 5. There the wife of the mortgagor was permitted to show that the acknowledgment was taken in the presence of her husband and by his coercion, but, as has since been pointed out in a number of cases, this evidence was admitted because the mortgagee's agent was present and participating in the fraudulent efforts to overcome the reluctant wife's refusal to mortgage her property. Here the clerk's certificate shows that the subscribing witnesses to the mortgage proved that the mortgage was executed in their presence by the mortgagor. It was attempted to show that the mortgage, which was signed before it was brought to the clerk, was not signed in the presence of one of the attesting witnesses, and that the clerk did not inquire of him whether the mortgage was signed in his presence. Clearly, if the rule were once established that the clerk's certificate could be impeached by such evidence as this, under an allegation of mistake, then the validity of all deeds and mortgages executed in the presence of two subscribing witnesses would depend, not upon the certificate of the clerk, but upon the uncertain recollection of such witnesses. We, therefore, conclude that where the clerk's certificate shows that a mortgage was executed in the presence of two subscribing witnesses, parol evidence to the effect that the mortgage was not so executed, or that the clerk failed to ask one of the subscribing witnesses if the mortgage was signed in his presence, is not admissible under an allegation of mistake on the part of the clerk. It follows that appellee's mortgage was a recordable instrument.

We deem it unnecessary to set out at length the facts on which appellant relies to show notice on the part of appellee of appellant's mortgage. It is sufficient to say that we have carefully examined the evidence, and, in our opinion, it is insufficient to show that appellee had notice of appellant's mortgage, or knowledge of facts from which notice would be implied, either before Dabney became indebted to appellee or at the time appellee's mortgage was accepted. Indeed, not only is the decided weight of the evidence to the contrary, but it is

highly improbable that appellee would have extended to Dabney such a large credit if it had had notice that his property was already encumbered to appellant in the sum of $27,000.00. It follows that the chancellor properly held that appellee's mortgage was superior to that of appellant.

Another question is presented in the following way: The mortgaged property was sold, and purchased by S. Y. Trimble. After the sale had been reported to the court, Trimble filed a petition asking to be made a party and that his petition be taken as a cross-petition against F. W. Dabney, City Bank & Trust Company, and also against Augusta S. Dabney, wife of F. W. Dabney. He alleged that at the time of the execution of the two mortgages in question, F. W. Dabney was a married man, and that his wife, Augusta S. Dabney, did not join in either of the mortgages and was not a party to the action. He further alleged that her contingent right of dower in the property purchased did not pass by virtue of either of said mortgages, and that he would not get a good and indefeasible title to said property with her contingent right of dower outstanding, and asked that the present value of her dower right be estimated and paid out of the proceeds of the sale of the property, in order that he might acquire a good title thereto. Both Mrs. Dabney and the City Bank & Trust Company filed demurrers to the cross-petition, which were sustained and the cross-petition dismissed. From this judgment S. Y. Trimble prosecutes a cross-appeal.

This was not a proceeding under section 490 of the Civil Code for the sale and division of the proceeds of real property jointly owned by two or more persons. In such a case, the court may order a sale of the land free of a married woman's contingent right of dower by providing that she shall have reasonable compensation out of the proceeds of the sale, or that she shall have the same right in the property purchased with the proceeds as she had in the property sold. Section 495 of the Civil Code. It is simply a proceeding for the enforcement of a mortgage in which the wife of the mortgagor did not join, and to which proceeding she was not a party. The land was not sold free of her dower right, and, even if she had been a party, the court would not have had the authority, without her consent obtained in the proper way, to sell the land free of her dower right.

'For the same reason, the court could not, after the sale was made, require her against her consent to accept out of the proceeds of the' sale, the present value of her contingent right of dower. Not only so, but it would be manifestly unjust to the mortgagees to permit the purchaser, who was an attorney in the action, and who, therefore, knew that the wife of the mortgagor did not unite in either of the mortgages and was not a party to the suit, and that her dower did not pass by the order of sale, to acquire title free of such contingent right of dower by compensating her out of the proceeds, which did not include her contingent right of dower, and thus deprive the mortgagees to that extent of their lien on the property. It follows that the demurrers to the cross-petition were properly sustained and the cross-petition properly dismissed.

Judgment affirmed both on the original and cross-appeals.