## Nelson v. Dunn.

(Decided June 22, 1926.)

### Appeal from Livingston Circuit Court.

1. Bankruptcy.—If bankrupt's wife consents sale of his real estate may be ordered in bankruptcy court free from her inchoate dower rights, and she be compensated therefor from proceeds of sale.

2. Bankruptcy.—If bankrupt's wife declines to enter bankruptcy court, her dower rights are unaffected by any proceeding therein against husband.

3. Bankruptcy.—Wife's dower right is an individual interest in the property, not a lien thereon, and is not subject to husband's debts, and does not pass to his trustee in bankruptcy.

4. Dower.—Within Ky. Stats., section 2135, providing that wife shall not be endowed of land sold to satisfy lien or incumbrance created by "deed" in which she joined, but may have dower out of surplus of proceeds of sale, unless disposed of by husband, the word "deed" includes a mortgage.

5. Dower.—Under Ky. Stats., section 2135, wife joining in mortgage waives inchoate right to dower in land, and can claim it only in excess of sale price over mortgage debt.

6. Husband and Wife.—In suit to foreclose lien of mortgage in which wife joined, wife is not a necessary party, in view of Ky. Stats., section 2135.

7. Bankruptcy.—Where wife joined in mortgage, husband became bankrupt, bankruptcy court sold land free and clear of liens without wife being a party and land sold for less than mortgage debt, purchaser at sale took good title as against wife's claim of dower.

FERGUSON & WELLS for appellant.

WHEELER & HUGHES for appellee.

Opinion of the Court by Judge McCandless—Affirming.

By proper proceedings, C. M. Nelson was regularly adjudged a bankrupt, and a valuable farm, upon which he and his wife, Lavenia Nelson, had executed a number of mortgages, was ordered sold, free from all liens of the

bankrupt, the wife not being a party in the bankruptcy court. At the decretal sale Roy Dunn became the purchaser at a sum less than the mortgage debts and the sale was duly confirmed.

Later Dunn filed this action against Mrs. Lavenia Nelson in the Livingston circuit court, alleging that she was claiming an inchoate right to dower in the lands in question and thereby casting a cloud upon his title, and seeking to have it adjudged that she owned no interest therein and to have his title quieted. A demurrer was overruled to the petition and defendant answered, not denying the proper execution of the mortgages by her, but alleging that she did have an inchoate right of dower in the land in question; that she was not a party to the bankruptcy proceedings and did not enter her appearance to the action or give her consent to the proceeding or sale of the land; that her right of dower was not divested by the sale under the order of the bankruptcy court, and that she still has such interest, and praying that the petition be dismissed. The case was submitted without proof and from a judgment for plaintiff conforming to the prayer of his petition the defendant appeals.

The general rule is that a bankrupt's real estate cannot be sold free and clear of the wife's dower without her consent. Remington on Bankruptcy, section 2586; though if she consents a sale may be ordered in the bankruptcy court free from her inchoate dower rights and she be compensated therefor out of the proceeds of sale. Ibid., section 2587; Black on Bankruptcy, section 472, and cases cited. But if she declines to enter that court her dower rights are unaffected by any proceeding therein against her husband, because her right thereto is an individual interest in the property and not a lien thereon; is not subject to the debts of her husband and under the law does not pass to the trustee. Kelly v. Minor, 252 Fed. Rep. 115. It is therefore clear under the practice adopted in the trial of this case, if the wife possessed a right of dower in this land the sale by the bankruptcy court did not divest her thereof, but it is equally clear that if she did not have such right, such sale passed a good title to the purchaser, the question turning upon the state laws creating and relating to dower rights.

In this respect it is provided by our statute:

"The wife shall not be endowed of land sold, but not conveyed by the husband before marriage,

nor of land sold in good faith, after marriage, to
satisfy a lien or incumbrance created before marri-
age, or created by deed in which she joined, or to
satisfy a lien for the purchase money, but if there is
a surplus of the land or proceeds of sale after satis-
fying the lien, she may have dower out of such sur-
plus of the land or compensation out of such surplus
of the proceeds, unless they were received or dis-
posed of by the husband in his lifetime. Ky. Stats.,
sec. 2135.''

It has uniformly been held in this court that the
word ''deed'' as used in this section includes a mortgage
in which the wife joins.   Schmeitzer v. Wagner, 94 Ky.
451; McClain v. McClain, 151 Ky. 356.   Further constru-
ing this statute it has been clearly laid down that by join-
ing with her husband in the execution of a valid mort-
gage, the wife waives her inchoate right to dower in the
land itself and can only claim same in the excess of the
sale price over the mortgage debt, and that she is not a
necessary party to a suit to enforce a lien thus created.
Thus: ''The fact that the wife is not a party to the suit
is immaterial, because at the time of the enforcement of
the lien she had no present interest in the land which can
be sold to satisfy the lien.  .  .  .  The effect of the
mortgage which she executed was to release her potential
right of dower in the land except the surplus proceeds
arising from a sale of the land, if any.  .  .  .  The
plaintiff asserted no cause of action against the wife. He
did not seek to appropriate her property for the pay-
ment of the debt, but only sought to subject the husband's
property, in which she, by the mortgage, had waived her
potential right to dower, and in effect had consented that
the husband might directly sell it, without her joining
with him, to satisfy the debt; and what he could do and
failed to do, the court had the right to do for him.  .  .  .
It is a useless thing to make the wife a party to an action,
because her potential right to dower may never ripen into
a dower interest, as she may not survive her husband.''
Morgan v. Wickliffe, 115 Ky. 226.

So far as we are advised there has been no departure
from this construction of the statute, and it seems con-
clusive of the question here involved.   The valid execu-
tion of the mortgage being admitted, the inchoate dower
right is waived and made subordinate to the lien, and as
the proceeds of sale are less than the lien debts no rights

exist in favor of the wife of which the state court could have taken cognizance in a foreclosure suit, and for the same reason the entire property was subject to the lien debts of the bankrupt and of this the bankruptcy court had full jurisdiction, and when sold free from all claims and liens the purchaser took a good title as against a claim for dower. City Bank & Trust Co. v. Planters' Bank & Trust Co., 176 Ky. 504, and other cases in which the wife failed to join in the execution of the mortgage do not conflict with these views, as in such cases there is no waiver of the dower right.

Wherefore, perceiving no error, the judgment is affirmed.