## Tapp's Trustee v. Tapp.

(Decided January 14, 1930.)

RAYBURN & WITHERS for appellants.

PENTECOST & DORSEY for appellee.

Opinion of the Court by Judge Logan—Affirming.

The appellant, J. S. Tapp, availed himself of the provisions of the bankruptcy laws and scheduled with his assets certain real estate. He was married at the time, and his wife, Julia Tapp, the appellee, had an inchoate right of dower. The trustee in bankruptcy desired to sell the lands so scheduled free from any right of dower in the wife, but she would not consent. He, joining the husband, J. S. Tapp, with him instituted suit against Julia Tapp asking for a sale of the lands free from her inchoate right of dower, and that her interest in the lands be paid to her in cash out of the proceeds of the sale. The chancellor sustained a demurrer to the petition, and the correctness of his ruling is the only question before the court on this appeal.

Appellants insist that the action for the sale of the real estate is maintainable under the provisions of section 490 of the Civil Code of Practice, for the reason that the trustee and the bankrupt are joint owners of the property

to the extent that whatever might remain, if anything, after the payment of debts, would be the property of the bankrupt. That argument is too refined to appeal with force to the court. The provisions of section 490 of the Civil Code of Practice were never intended to cover a sale of property under such conditions.

They say that, if section 490 of the Civil Code of Practice does not allow them the relief sought, plainly they are entitled to it under section 491a of the Civil Code of Practice. A reading of that section satisfies the court that it was not intended to cover such a case. It relates to the sale of property for reinvestment in the same kind of property.

It is true, as stated by counsel for appeallant, that, generally speaking, authority must be found in the Code, or the Statutes, for the sale of real estate, or it may not be sold. There are cases where a court of equity is clothed with power and authority to remove impediments to a sale so that the property may be sold for its full value, but this is not such a case. Appellants sought, by this action, to take from the appellee her inchoate right of dower when there is no authority to deprive her of it. Lancaster v. Lancaster, 78 Ky. 201; Nelson v. Dunn, 215 Ky. 292, 284 S. W. 1084.

If the bankruptcy laws should authorize a proceeding such as this, the widow might be deprived of her inchoate right of dower and compelled to accept the money value thereof, but there seems to be no such provision in these laws, and the rule in the federal court is the same as that established by this court. In re Hays (C. C. A.) 181 F. 674. The chancellor properly sustained the demurrer to the petition.

Judgment affirmed.