## UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. SPICELAND et al.

### No. 211.

District Court, W. D. Kentucky, Paducah Division.

Oct. 19, 1943.

H. James Hitching, of Chattanooga, Tenn., for Tennessee Valley Authority.

Fonnie H. Spiceland and Sallie H. Spiceland, in pro. per.

MILLER, District Judge.

The Tennessee Valley Authority instituted these proceedings to condemn property owned by the defendant Fonnie H. Spiceland. A stipulation has been filed, executed by the petitioner and by Fonnie H. Spiceland and Sallie H. Spiceland, his wife, fixing the value of the property under consideration at $21,330.30. A judgment has been tendered which among other things provides for the payment of the entire amount of $21,330.30 to Fonnie H. Spiceland. The question presented is whether or not Sallie H. Spiceland, wife of the owner, is entitled to any portion of the award by reason of her inchoate right of dower in the property condemned.

It appears to be the rule in a number of states where the question has been presented that the wife has no right to share in the money paid by the condemner for property owned by her husband and condemned during his lifetime. Long v. Long, 99 Ohio St. 330, 124 N.E. 161, 5 A.L.R. 1343, annotation at page 1347. On the other hand, it has been held by the New York Court of Appeals that the inchoate right of dower of a wife is such an interest in the property being condemned as will be protected by the court handling the proceedings. In re Cropsey Avenue, 268 N.Y. 183, 197 N.E. 189, 101 A.L.R. 694, annotation at page 697. The question does not appear to have been passed upon by either the Court of Appeals of Kentucky or by the Circuit Court of Appeals for this Circuit.

The authorities which deny the wife an interest in the proceeds proceed largely upon the theory that the wife's inchoate right of dower is a contingent interest without the present right of possession. The Court of Appeals of Kentucky, however, regards inchoate dower as a much more substantial interest. In Rowe v. Ratliff, 268 Ky. 217, 104 S.W.2d 437, 439, the Court described the interest as follows: "There is no power on earth given to a husband by the exercise of which the inchoate right of dower of his wife could be taken from her without her consent. The right of dower has been recognized to be so sacred to the wife, even the potential right of dower, that the husband, or a prospective husband, can not convey his real estate or even his personal property or give it to others for the purpose of taking from her her rights. The only way that the wife can lose her dower is to either sell it, forfeit it, or die and leave it."

In Maryland Casualty Co. v. Lewis, 276 Ky. 263, 124 S.W.2d 48, 50, the Court said: "A wife's inchoate right of dower is a vested right which vests at the time of marriage in property then owned by her husband. In property subsequently ac-

quired by the husband this right vests at the time of the acquisition concurrently with the vesting of the title in the husband. See sections 2132 and 2135 of the statutes quoted above. Such a right is an individual interest in property and not a lien thereon, and it is not subject to the debts of a wife's husband." See, also, Wigginton v. Leech's Adm'x, 285 Ky. 787, 149 S.W.2d 531; Nelson v. Dunn, 215 Ky. 292, 284 S.W. 1084; 28 Corpus Juris Secundum, Dower, §§ 14d and 46; 19 Corpus Juris, Dower, § 110.

The vested nature of the inchoate right of dower is also recognized by the Kentucky Statutes. See Section 392.130, Ky. Revised Statutes 1942 Edition, which provides for the release of a wife's inchoate right of dower in certain judicial proceedings. If we are to give effect to the Kentucky view of inchoate dower it is necessary to recognize the wife's right to a share in the proceeds resulting from the condemnation of her husband's real estate. This value can be computed according to the Bowditch Table, approved in Lancaster v. Lancaster's Trustee, 78 Ky. 198.

The tendered decree is returned for correction in accordance with the above views.