FIRST UNION HOME EQUITY
BANK, N.A., Appellant,

v.

BEDFORD LOAN AND DEPOSIT
BANK, Appellee.

Nos. 2001–CA–002265–MR,
2002–CA–001279–MR.

Court of Appeals of Kentucky.

July 25, 2003.

Mark J. Sandlin, Louisville, KY, for appellant.

David S. Weinstein, Louisville, KY, for appellee.

Before COMBS, GUIDUGLI, and SCHRODER, Judges.

SCHRODER, Judge.

These are consolidated appeals from orders adjudging that appellee's second mortgage has equal priority with appellant's first mortgage, a purchase money mortgage, because the mortgagor's husband did not sign the first mortgage. We

adjudge that because of the provision in KRS 392.040(1) stating that a spouse does not have a curtesy interest in land sold to satisfy a purchase money mortgage, the trial court erred in assigning the second mortgagee equal priority with the first mortgagee. Accordingly, we reverse and remand the matter for further proceedings consistent with this opinion.

On July 7, 1999, Sharron Wheatley purchased certain real property in Shelby County while married to Tony Wheatley. The property was deeded to her in her name alone, but the deed stated that she was married. To secure payment of the loan to acquire the property, Sharron simultaneously executed a mortgage on the property to the lender, First Union Home Equity Bank, N.A. ("First Union"), appellant herein, which was properly recorded on July 13, 1999. However, Tony Wheatley did not sign this mortgage, although he and Sharron both signed the promissory note secured by the mortgage.

Subsequently, on November 8, 1999, appellee, Bedford Loan and Deposit Bank ("Bedford"), acquired a mortgage on the same property to secure another loan to Sharron and Tony Wheatley. The mortgage in favor of Bedford was signed by both Sharron and Tony and properly recorded on November 15, 1999.

In October of 2000, the Wheatleys defaulted on both loans, and First Union filed suit to collect on its note and have its mortgage be adjudged as a valid first lien on the property upon foreclosure. Bedford filed a cross-claim in the action and maintained that its mortgage, although recorded after First Union's, had equal priority with First Union's mortgage because First Union never obtained a mortgage on Tony Wheatley's interest in the property. In essence, Bedford claimed that First Union had mortgage priority only as to Sharron's undivided one-half interest in the property, while Bedford had mortgage priority as to Tony's undivided one-half interest. The trial court agreed with Bedford and ordered that upon foreclosure, Bedford and First Union would share equally in the proceeds to the extent of each mortgagee's claims. First Union now appeals from both the order determining mortgage priority and the final judgment and order of sale.

■ First Union argues that its purchase money interest in the subject property is superior to Bedford's interest under KRS 392.040(1) and, thus, the lower court erred in giving the two mortgages equal priority. KRS 392.040(1) provides:

> The surviving spouse shall not have dower or curtesy in land sold but not conveyed by the deceased spouse before marriage, nor in land sold in good faith after marriage to satisfy an encumbrance created before marriage or created by deed in which the surviving spouse joined, *or to satisfy a lien for the purchase money.* If, however, there is a surplus of the land or proceeds of sale after satisfying the lien, surviving spouse may have dower or curtesy out of that surplus of the land or compensation out of the surplus of the proceeds, unless they were received or disposed of by the decedent in his lifetime. (emphasis added.)

Bedford counters that KRS 404.030(1) is controlling, which provides as follows:

> A married woman may sell, convey or encumber any of her lands and chattels real, but such sale, conveyance or encumbrance shall not bar the husband's right to curtesy unless he joins in the instrument of sale, conveyance or encumbrance or releases his right to curtesy by separate instrument.

Bedford maintains that under the above statute, a wife cannot encumber her hus-

band's curtesy interest in the property unless he likewise signs the instrument creating the lien.

In *Faulkner v. Terrell,* Ky., 287 S.W.2d 409 (1956), the Court was faced with the apparent conflict between KRS Chapters 392 and 404. In *Faulkner,* the Court held that KRS 404.010(1), which would seemingly operate as an outright bar to a surviving husband's interest in the wife's land, does not eliminate the husband's curtesy interest in the property of the wife as provided for in KRS 392.020 which states in pertinent part:

> After the death of the husband or wife intestate, the survivor shall have an estate in fee of one-half (1/2) of the surplus real estate of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple at the time of death, and shall have an estate for his or her life in one-third (1/3) of any real estate of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple during the coverture but not at the time of death, unless the survivor's right to such interest has been barred, forfeited or relinquished.

Similarly, we adjudge that the exception to said dower/curtesy interests set out in KRS 392.040(1) for property sold to satisfy a purchase money mortgage would prevail over the language of KRS 404.030(1) requiring the signature of the other spouse in order to mortgage property subject to a dower/curtesy interest. KRS 392.040(1) was enacted after KRS 404.030(1), and where there is a conflict between two statutes, the later enacted statute is generally controlling. *Williams v. Commonwealth,* Ky.App., 829 S.W.2d 942 (1992). Further, this interpretation would be in keeping with long held common law in Kentucky that a vendor's lien will defeat a dower/curtesy interest in the property. *Chalk*

*v. Chalk,* Ky., 291 Ky. 702, 165 S.W.2d 534, 538 (1942); *Lee v. James,* 81 Ky. 443, 5 Ky. L. Rptr. 492 (1883). Accordingly, as there was no question that the mortgage held by First Union in the present case was a purchase money mortgage, Tony had no curtesy interest regarding the first mortgage and First Union had a mortgage on the full interest in the property.

■ We would additionally note that even in the absence of the exceptions to dower/curtesy interests in KRS 392.040(1), First Union would still have had mortgage priority in this case because Tony Wheatley had no present interest in the subject property at the time the mortgage was executed and the property was foreclosed upon. Although Tony Wheatley had a vested curtesy interest in the property at that time, a dower/curtesy interest, as an inchoate right, is merely an expectancy of an interest or a future interest contingent upon him surviving Sharron. *Rogers v. Leahy,* 296 Ky. 44, 176 S.W.2d 93 (1943); *See Faulkner,* 287 S.W.2d at 415. Hence, since the property was in Sharron's name only and she was alive at the time of foreclosure, First Union had a mortgage on the full interest in the property. In the event Sharron ultimately predeceased Tony (in the absence of KRS 392.040(1)), Tony would still have a curtesy interest in the property and could, thus, assert this interest against First Union. However, that interest would have no effect on the current mortgage priority issue.

Bedford cites *Peyton v. Young,* Ky., 659 S.W.2d 205 (1983), in support of its position that when a spouse encumbers property without the signature of the other spouse, the mortgagee has no more interest in the property than was held by the encumbering spouse. However, that case can be distinguished from the instant case on two significant points. First, the husband and wife in *Peyton* owned the prop-

erty jointly, whereas Sharron had title to the property in the present case in her name only. Consequently, the Court's decision in that case was based upon this joint ownership of property and not upon a spouse's dower/curtesy interest. Secondly, since a dower/curtesy interest was not involved, KRS 392.040(1) was not at issue in that case.

 Finally, Bedford also cites KRS 403.190(3) which provides that all property acquired by either spouse after marriage is presumed to be marital property. In our view, this statute operates only to establish property rights as between spouses in the event of divorce and does not operate to establish rights as between creditors re-garding marital property. If a spouse encumbers marital property without the signature or consent of the other spouse, recourse would be against the encumbering spouse in the dissolution proceedings.

For the reasons stated above, the orders of the Shelby Circuit Court are reversed and the matter remanded for further proceedings consistent with this opinion.

ALL CONCUR.