In re John GILCHRIST and Mary
Gilchrist, Debtors.

John Gilchrist and Mary
Gilchrist, Plaintiffs

v.

United Bank & Trust Company,
Defendants/Third Party
Plaintiff

v.

Bank of America, Third
Party Defendant.

Bankruptcy No. 09–52235.
Adversary No. 10–05005.

United States Bankruptcy Court,
E.D. Kentucky,
Lexington Division.

Jan. 24, 2011.

W. Thomas Bunch, II, Bunch & Brock, Lexington, KY, for Plaintiffs.

Ellen Arvin Kennedy, Dinsmore & Shohl, Lexington, KY, for Defendants/Third Party Plaintiff.

Elizabeth Thompson, Lexington, KY, Katherine A. Bell, Louisville, KY, Nathan L. Swehla, Cincinnati, OH, for Third Party Defendant.

## ORDER

JOSEPH M. SCOTT, JR., Bankruptcy Judge.

This matter is before the Court on the Defendant United Bank & Trust Compa-

ny's Motion to Alter and Amend [Doc. 52] the Court's Memorandum Opinion [Doc. 50] and Order Overruling United Bank & Trust Company's Motion for Summary Judgment, Granting Debtors' Motion for Summary Judgment and Overruling Bank of America's Motion for Summary Judgment [Doc. 51], the Court having considered the arguments of counsel and being otherwise sufficiently advised, finds as follows:

### Facts and Procedural History

On December 17, 2010, this Court entered a Memorandum Opinion and Order denying United Bank and Trust Company's ("United Bank") and Bank of America's Motion for Summary Judgment and granting the Debtors' Motion for Summary Judgment. The Court found pursuant to *Schlarman v. Chase Home Finance, LLC (In re Padgitt),* 2008 WL 4191517, 2008 Bankr.LEXIS 3063 (Bankr.E.D.Ky. September 11, 2008) that Bank of America's mortgage is not valid as to the Debtor John Gilchrist. The Court also concluded the following:

> Although John Gilchrist is not subject to Bank of America's mortgage, Bank of America's mortgage is not invalid as against the residence. Mary Gilchrist, while not a deeded owner of the property, does have a present dower interest valued at $14,648.60. The parties do not dispute that Mary Gilchrist is properly identified as a "Borrower." Therefore, Bank of America's mortgage is valid as against Mary Gilchrist's interest. Because Bank of America's mortgage is

still valid as to Mary Gilchrist's dower interest, Bank of America's lien must be considered in the section 522(f) analysis. The sum of (1) United Bank's judgment lien ($150,000.00); (2) all other liens on the property, or Bank of America's lien ($228,000.00); and (3) the Debtors' exemptions (collectively $20,150.00), a total of $385,150.00, exceeds the value of the Debtors' interest in the property absent any liens, or $215,000.00. Because United Bank's judgment lien of $150,000.00 impairs the Debtors' exemptions, the judgment lien is avoided pursuant to 11 U.S.C. § 522(f).

On December 23, 2010, United Bank filed its Motion to Alter and Amend. United Bank stated that while it agrees with the Court's conclusions that Bank of America's mortgage is invalid as to John Gilchrist's property interest, it disagrees with the Court's finding regarding the effect of Mary Gilchrist's inchoate dower interest as it relates to Mrs. Gilchrist's homestead exemption and the 11 U.S.C. § 522(f) analysis in the avoidance of United Bank's lien.

The same day, United Bank also filed in the Debtor's Main Bankruptcy Case, Case No. 09–52235, an objection to Mary Gilchrist's claimed homestead exemption based on her inchoate dower interest [Doc. 33 in the Main Case].[1] In its objection, United Bank argued that an inchoate dower interest is not a present property interest that may be valued or may support a claimed homestead exemption pursuant to section 522(d)(1). This objection is incor-

---

**1.** Mary Gilchrist initially claimed a homestead exemption pursuant to 11 U.S.C. § 522(d)(1) but listed its value as $0. The residence was listed on Schedule A and valued at $215,000.00. On November 24, 2010, the Debtors amended their Schedule C to claim homestead exemptions of $10,075.00 each based on John Gilchrist's fee simple interest and Mary Gilchrist's inchoate dower

interest [Doc. 32 of Main Case]. Pursuant to Bankruptcy Rule 4003(b), any party in interest had 30 days in which to object to the Debtors' amendment to Schedule C. While United Bank filed its objection after entry of the Court's Memorandum Opinion and Order in the adversary proceeding herein, United Bank timely filed its objection to the amended exemptions in the main case.

porated by reference in United Bank's Motion to Alter and Amend.

Bank of America and the Debtors have responded arguing that Mary Gilchrist may mortgage her inchoate dower interest and Bank of America's lien was properly considered as part of the section 522(f) analysis.[2]

## Analysis

### A.   Bankruptcy Rule 9023

United Bank does not cite a basis for its Motion to Alter and Amend. The Court therefore presumes that United Bank brings its motion pursuant to Fed.R.Civ.P. 59(e), made applicable to this proceeding by Bankruptcy Rule 9023.

■ A motion for reconsideration under Rule 59(e) is proper when the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented, or has made a mistake of reasoning but not of apprehension." *See E.E.O.C. v. Foothills Title Guar. Co.,* 1991 WL 61012, *3 (D.Colo.1991) (*citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)). *See also GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999).

■ Reconsideration is not permitted (a) to assert new legal theories that could have been raised before the initial hearing; (b) to present new facts which could have been presented before the initial hearing; or (c) to rehash the same arguments made the first time or simply express an opinion that the court was wrong. *In re Greco,* 113 B.R. 658, 665 (D.Haw.1990), *aff'd,* 952 F.2d 406 (9th Cir.1991).

### B.   Inchoate Dower Interest

United Bank moves to alter and amend the Court's Memorandum Opinion and Summary Judgment Order on the basis that the Court has made a mistake in its reasoning. United Bank asserts that the Court erroneously concluded that Mary Gilchrist's inchoate dower interest has any bearing on the issue of whether United Bank's judgment lien is avoidable for impairing the Debtors' exemptions pursuant to 11 U.S.C. § 522(f). Specifically, United Bank argues that Mrs. Gilchrist's inchoate dower interest in the property deeded solely in her husband's name is not property for which an exemption may be claimed or to which a lien may attach. Thus, United Bank concludes that Bank of America's mortgage lien cannot attach to Mary Gilchrist's inchoate dower interest and the Debtors' exemptions are not impaired by United Bank's $150,000.00 judgment lien pursuant to 11 U.S.C. § 522(f).

United Bank primarily relies on *First Union Home Equity Bank v. Bedford Loan and Deposit Bank,* 111 S.W.3d 892 (Ky.App.2003) in support its argument. In *First Union,* Sharron Wheatley purchased real property while married to Tony Wheatley. The property was deeded in her name alone. To secure payment, Sharron simultaneously executed a mortgage on the property to the lender, First Union. Tony Wheatley did not sign the mortgage, although both he and Sharron signed the promissory note secured by the mortgage. *Id.* at 893.

Subsequently, another lender, Bedford, acquired a mortgage on the same property to secure a loan to Sharron and Tony Wheatley. The mortgage was signed by both Sharron and Tony and properly recorded. The Wheatleys later defaulted on

**2.**   Bank of America has reserved its right in footnote 1 of its Response [Doc. 54] and in oral argument to argue at a later time that the Court's decision to invalidate Bank of America's mortgage as to John Gilchrist's interest was incorrect.

both loans and First Union filed suit to collect on its note and have its mortgage adjudged as a valid first lien on the property. Bedford filed a cross-claim and maintained that its mortgage, although recorded after First Union's mortgage, had equal priority because First Union never obtained a mortgage on Tony's interest. *Id.*

The trial court agreed with Bedford and First Union appealed. The Kentucky Court of Appeals reversed and held that First Union, as the purchase money mortgagee, had full interest in the property and thus priority over the second mortgage pursuant to K.R.S. § 392.040(1).[3] *Id. at* 894.

The court in *First Union* further noted that even in the absence of the exceptions to dower/curtesy interests in K.R.S. § 392.040(1),

First Union would still have had mortgage priority in this case because Tony Wheatley had no present interest in the subject property at the time the mortgage was executed and the property was foreclosed upon. Although Tony Wheatley had a vested curtesy interest in the property at that time, a dower/curtesy interest, as an inchoate right, is merely an expectancy of an interest or a future interest contingent upon him surviving Sharron.... Hence, since the property was in Sharron's name only and she was alive at the time of the foreclosure, First Union had a mortgage on the full interest in the property.

*Id. See also Whisman v. Whisman,* 2009 WL 2971552 (Ky.App. Sept. 18, 2009) (un-published) ("Our courts have long recognized that a spouse's right of action for a dower or curtesy interest does not accrue until the death of the other spouse with the surviving spouse 'not entitled to any interest until the happening of that event[.]' "); *Tucker v. Grace Enterprises of Kentucky, LLC,* 2004 WL 2566518 (Ky. App. Nov. 12, 2004) (unpublished) (holding a judgment lien does not attach to a husband's curtesy interest in real estate).

United Bank concludes that pursuant to Kentucky law, as illustrated by *First Union, Whisman,* and *Tucker,* Mary Gilchrist has no interest in real property to which a mortgage can attach, nor may it serve as the basis of a claimed homestead exemption, because dower does not come into being until the death of the spouse. Moreover, according to United Bank, if the homestead exemption may be applied to Mary Gilchrist's inchoate right of dower, its value must be zero.

■ The Court agrees with United Bank that its holding that Bank of America's mortgage attaches to Mary Gilchrist's inchoate dower interest is erroneous. Property interests in bankruptcy are defined under appropriate state law. *See, e.g., In re Omegas Group, Inc.,* 16 F.3d 1443 (6th Cir.1994) (quoting *In re Terwilliger's Catering Plus, Inc.,* 911 F.2d 1168, 1172 (6th Cir.1990)). While Kentucky has not directly addressed whether a spouse may mortgage his or her inchoate dower or curtesy interest alone, Kentucky law is clear that inchoate dower is treated as a mere expectancy. Furthermore, the

**3.** K.R.S. § 392.040(1) is an exception to dower that states "The surviving spouse shall not have dower or curtesy in land sold but not conveyed by the deceased spouse before marriage, nor in land sold in good faith after marriage to satisfy an encumbrance created before marriage or created by deed in which the surviving spouse joined, or to satisfy a lien for the purchase money. If, however, there is a surplus of the land or proceeds of sale after satisfying the lien, surviving spouse may have dower or curtesy out of that surplus of the land or compensation out of the surplus of the proceeds, unless they were received or disposed of by the decedent in his lifetime."

court's discussion of inchoate dower in *First Union* strongly suggests that a spouse has no present interest in property to which a lien can attach where that interest is merely an inchoate dower right. *First Union*, 111 S.W.3d at 894 ("[S]ince the property was in [the wife's] name only and she was alive at the time of foreclosure, First Union had a mortgage on the full interest in the property.").

Bank of America argues that the Court was correct in holding that Mary Gilchrist's inchoate dower interest is subject to its lien. Bank of America cites to *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 804 (6th Cir. BAP 2007) (applying Ohio law) and *Strickfaden v. Park Place Mortg. Corp.*, 2008 WL 3540079, *5, 2008 U.S. Dist. LEXIS 61592, *13–14 (E.D.Mich.2008) (applying Michigan law) for support that an inchoate dower interest is an alienable interest that may be conveyed as security for a loan.

Bank of America argues that Ohio law, the basis of the Sixth Circuit B.A.P.'s decision in *Morgeson*, is similar to Kentucky law in that both states view an inchoate dower right as a vested, contingent, and inchoate interest that does not arise until the spouse passes. *See Reigles v. Urban*, 2010 WL 3666976, *4, 2010 Ohio App. LEXIS 3772, *11 (Ohio Ct.App.2010) (vested dower was "inchoate and contingent" and would "not become an actual property interest unless ... the decedent dies ...."); *United States ex rel. Tennessee Valley Authority v. Spiceland*, 52 F.Supp. 40, 40–41 (W.D.Ky.1943) (in Kentucky, a dower interest is a vested, inchoate right); *First Union*, 111 S.W.3d at 894.[4] While the Court agrees that Kentucky and Ohio treat inchoate dower similarly, the Court disagrees with Bank of America that Kentucky courts would hold that an inchoate dower interest may be subject to a lien. On the contrary, the case law cited by United Bank suggests that Kentucky courts would hold just the opposite.

Furthermore, the Sixth Circuit has held that a wife's inchoate right of dower in her husband's real estate cannot be separated from the principal estate. *See Pugh v. Lingafelter (In re Lingafelter)*, 181 F. 24 (6th Cir.1910) (applying Ohio state law). The Court in *Lingafelter* held that where a mortgage, given by the husband to secure a debt in which the wife joins for the purpose of releasing her dower interest, is set aside as a preferential transfer and the property restored to its general estate, such mortgage is inoperative to release or bar the wife's dower right and cannot be enforced by the mortgagee as a conveyance of her dower interest in the property. *Id.* at 25–26. Kentucky is in accord. *Lowry v. Fisher*, 65 Ky. 70, 1867 WL 3957, *5 (1867). *See also* 2 TIFFANY REAL PROP. § 516 (2010) ("If a deed by the husband, in which the wife joins for the purpose of releasing dower, is set aside as being intended to defraud the husband's creditors or for any other reason, the wife's right of dower is revived, since, in such case, there is no one having title, in favor of whom the release can operate").

United Bank's position that inchoate dower cannot be mortgaged is also consistent with the position taken by other recognized legal authorities. *See* 2 TIFFANY REAL PROP. § 533 (2010) ("Until the death of the husband, the wife has merely a contingent right or interest, known as 'dower inchoate.' She has no estate in the land, even after the husband's death, until the 'assignment' of dower and a fortiori

---

**4.** Although not raised in its pleadings, Bank of America argued at oral argument that Michigan's dower statute is also similar.

she has no estate before his death, nor has she a vested interest in land, legal or equitable, liable to levy and execution ... Inchoate dower is not transferable by the wife, by conveyance or assignment, to one having no interest in the land, even though the husband join in the transfer, but she may release such right to one having an estate in the land, at least if the estate is freehold in character, or to one who obtains an estate by the same instrument by which the release is effected."); 25 AM. JUR. 2d *Dower and Curtesy* § 19 (2010) ("Under the common law, dower is inchoate and curtesy is either initiate or inchoate during the marriage. While both spouses are alive, dower interests are inchoate. Thus, a widow's right of dower, even in real property, remains only an inchoate right until the husband's death. Although inchoate dower is contingent and uncertain, it possesses the elements of property, and it is a sufficient basis for the wife's right to maintain an action to protect her future right of action. Indeed, the inchoate right of dower is considered present, fixed, vested, and valuable."); 28 C.J.S. *Dower and Curtesy* § 54 (2010) ("It is generally held that the inchoate right of dower is not an estate, or title, or interest in land, and that it confers upon the wife no right of possession or control of the land to which it attaches, but instead is rather a contingent claim or right, or chose of action, or expectancy, which will ripen into an estate in case the husband dies first, but which will be lost if she dies before the husband. The right is nevertheless regarded, at least under some authorities, as fixed and vested in some senses, and which the courts will protect."). *See also* 2 TIFFANY REAL PROP. § 500 (2010) (recognizing a "fallacy" that "the wife has ... an estate or interest in the husband's lands in his lifetime as she can mortgage as her separate property ...."). These authorities suggest that while Mary Gilchrist's inchoate dower interest is vested in some instances, most notably to protect her future right of interest in the property, her inchoate right does not ripen into a property interest that may be transferred, conveyed, assigned, and therefore mortgaged, until the death of her husband.

■ Although the Court agrees with United Bank that its previous ruling is erroneous as it relates to Bank of America's mortgage lien on Mary Gilchrist's inchoate dower interest, the Court disagrees with United Bank's conclusion that Mary Gilchrist's inchoate dower interest may not serve as the basis of her claimed homestead exemption. While property interests are defined by state law, federal bankruptcy law determines whether an inchoate dower interest is property of the estate. *See In re Omegas Group, Inc.,* 16 F.3d at 1450. A debtor's inchoate dower interest is considered property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a). *See* 5 COLLIER ON BANKRUPTCY § 541.04[5] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("The inchoate and vested rights of a spouse, recognized at common law or created by statute, in the legal and equitable estates possessed by the other spouse during marriage or at the time of death fall within the scope of section 541(a)(1)"). *See also In re Rudicil,* 343 B.R. 181 (Bankr.S.D.Ohio 2006). This is true regardless of whether an inchoate dower right is transferable or may be reached by creditors. *See In re Bowling,* 314 B.R. 127 (Bankr.S.D.Ohio 2004).

■ Further, pursuant to section 522(d)(1), a debtor may exempt his or her "interest" in real property. 11 U.S.C. § 522(d)(1). "Interest" includes the present value of a debtor's inchoate dower interest, limited only by the equity held in

the property. *See In re Miller*, 151 B.R. 800, 804 (Bankr.N.D.Ohio 1992).

The record reflects that Mary Gilchrist's inchoate dower interest is valued at $14,648.60 [Doc. 49]. Pursuant to 11 U.S.C. § 522(d)(1), Mary Gilchrist is entitled to claim an allowable homestead exemption of $10,075.00, which is less than the present value of her current inchoate dower interest.

### C. 11 U.S.C. § 522(f)

Because Bank of America's mortgage cannot attach to Mary Gilchrist's inchoate dower interest under Kentucky law, Bank of America has no lien on the residence that should be considered in the section 522(f) calculation to determine if United Bank's judgment lien impairs the Debtors' exemptions. Therefore, the Court must recalculate to determine if the Debtors' exemptions are impaired.

United Bank argues that the section 522(f) calculations should be bifurcated as between the Debtors. Pursuant to section 522(m), section 522 "shall apply separately with respect to each debtor in a joint case." 11 U.S.C. § 522(m) (2010). The plain language of section 522(f) in its reference to "the debtor" in the singular echoes this statement. 11 U.S.C. § 522(f). Therefore, the calculations as between the co-debtors should be applied separately based on their interest in the property.

There is no dispute that the residence at issue is deeded only to John Gilchrist. Mary Gilchrist's inchoate dower interest in the property is only contingent upon his death. Therefore, in comparing the sum of (1) United Bank's judgment lien ($150,000.00); (2) all other liens on the property ($0); and (3) John Gilchrist's exemption ($10,075.00), a total of $160,075.00, and the value of John's interest in the property absent any liens, or $215,000.00, it is clear that John Gilchrist's exemption is not impaired by United Bank's lien. Thus, United Bank's judgement lien may not be avoided as to John.

The section 522(f) calculation to determine if Mary Gilchrist's exemption is impaired results in a different outcome. The sum of (1) United Bank's judgment lien ($150,000.00); (2) all other liens on the property ($0); and (3) Mary Gilchrist's exemption ($10,075.00), a total of $160,075.00, does exceed the value of Mary's interest in the residence absent any liens, or $0, since Mary does not have an alienable property interest in the residence until John's death. Thus, United Bank's judicial lien does impair Mary's exemption and may be avoided pursuant to section 522(f) as to Mary.

### Conclusion

In conformity with the foregoing, IT IS HEREBY ORDERED that United Bank & Trust Company's Motion to Alter and Amend is GRANTED. The Court's Memorandum Opinion [Doc. 50] and Order [Doc. 51] shall be amended to reflect the findings set forth in this opinion and that the Debtor's Motion for Summary Judgment [Doc. 32] and Bank of America's Motion for Summary Judgment [Doc. 27] is DENIED and United Bank & Trust Company's Motion for Summary Judgment [Doc. 30] is GRANTED.